SARAH F. GALUSHA, Respondent, *v.* NORMAN F. GALUSHA, Appellant.

While a contract between husband and wife for a future separation is void, after a separation has taken place, a contract for the separate support and maintenance of the wife, valid and binding upon all the parties, may be made through the intervention of a trustee.   .

In an action for divorce brought by the wife, it appeared that the parties separated upon discovery by plaintiff that her husband was having adulterous intercourse with one of the persons named in the complaint; that soon thereafter a separation agreement was executed by the parties and a trustee, by the terms of which defendant agreed to convey to plaintiff certain property, to pay to her a specified sum down, and to pay to her $100 each month during her life; all of which plaintiff agreed to accept and take in full payment and satisfaction for her maintenance and support during life.   The trustee covenanted that plaintiff should fully support and maintain herself and perform the contract on her part and that he would save defendant harmless from all further expenditures.   The agreement gave plaintiff the right to continue it after defendant's death upon her releasing all right of dower and claims of every kind against his estate. The judgment below, as modified at General Term, terminated the said agreement and gave to plaintiff $3,000 annual alimony.   *Held*, error; that the agreement was, at its execution, valid and binding; that it was not invalidated by a subsequent violation of the marriage vow on the part of defendant, nor did the consideration supporting it fail upon the granting of a decree of divorce; that after the making of the contract it was not in the power of either party, acting alone and against the will of the other, to destroy or affect it; and that, in the absence of any averments in the complaint or proof of facts which would authorize a court of equity to set aside said agreement the court had no power so to do, or, at least, in the absence of proof that the sum agreed upon was insufficient for plaintiff's support, to make an additional allowance.

Reported below, 43 Hun, 181.

(Argued October 21, 1889; decided December 10, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1887, which modified a judgment, entered upon a decision of the court on trial at Special Term, and, as modified, affirmed the judgment.

This was an action for absolute divorce.

The plaintiff in her complaint alleged adultery on the part of the defendant with three persons.   Defendant in his answer

denied the allegation as to two of the parties named; and set up as a defense to the demand for alimony a separation agreement, dated April 30, 1883, executed by the parties to this action and one Galusha Phillips as trustee.

It appears that for a number of years, before final separation, the relations existing between husband and wife were not pleasant. At times they lived apart. The evidence tended to show that a little while before making the separation agreement the wife discovered that her husband had been inconstant to the marriage vow, and they immediately separated. The other party to these improper relations was an employe of the defendant, with whom the complaint avers Mr. Galusha had adulterous intercourse, both before and after the separation. After separation, negotiations for a settlement upon the wife of a sum of money, necessary for her support and maintenance, were had. Such negotiations resulted in the making and execution, through the intervention of a trustee, of a separation agreement. By its terms the husband bound himself to pay to the wife the sum of $5,000, to be hers absolutely, for the purchase of a house; the sum of $1,000 for her medical attendance; to give to her the furniture in the house, together with the horse and necessary outfit. He also covenanted on the part of himself, his heirs, executors and personal representatives, to pay to the wife $100 on the first day of each month during her natural life. On the part of the wife and Galusha Phillips, the trustee, it was agreed to accept and take said sums in full payment and satisfaction for the maintenance and support during her natural life. The said Galusha Phillips, trustee, agreed that the wife should fully support and maintain herself, and that he would save the husband harmless from the payment of any and all sums of money, for or on account of the full support and maintenance, medical attendance and any and all expenses, legal or otherwise, of Sarah F. Galusha, for and during her natural life. It was further agreed, that after the death of the husband the wife should have the right to continue the agreement, and receive the $100 per month from the husband's

estate. In which event she was to release all right of dower and claims of every kind against the estate.

The action resulted in a judgment against the defendant dissolving the marriage between them, because of adultery committed by the defendant. The decree further awarded to the plaintiff the sum of $3,750 yearly. No reference whatever was made in the decree to the agreement of separation. On appeal the General Term so modified the judgment as to reduce the annual amount of alimony to $3,000, and also by the insertion of a provision terminating the force and legal effect of the separation agreement. As thus modified, the judgment was affirmed.

*Esek Cowen* for appellant. The articles of separation constituted a valid and binding contract, as between the defendant and the trustee, upon which either could have maintained an action at law against the other, and the plaintiff, having assented to it, was equitably bound by its provisions. The judgment of divorce did not *per se* affect the validity of this contract. (*Carson* v. *Murray*, 3 Paige, 483 ; *Dupre* v. *Rein*, 7 Abb. N. C. 256; *Randall* v. *Randall*, 37 Mich. 563; *Magee* v. *Magee*, 67 Barb. 487; *Fox* v. *Davis*, 113 Mass. 255; *Walker* v. *Walker*, 9 Wall. 743; *Wallace* v. *Bassett*, 41 Barb. 92; *Clark* v. *Fosdick*, 13 Daly, 500; *Anderson* v. *Anderson*, 1 Edw. Ch. 380 ; *Wright* v. *Miller*, 1 Sandf. Ch. 103; *Carpenter* v. *Osborn*, 102 N. Y. 552.) The agreement of separation being valid and binding between the parties, it was not within the power of the General Term to annul and destroy it in an action of divorce, to which the trustee was not a party, and its. order to that effect was utterly erroneous. (*St. John* v. *St. John*, 11 Vesey, 531; *Rogers* v. *Rogers*, 4 Paige, 516; *Calkins* v. *Long*, 22 Barb. 103 ; *Rose* v. *Rose*, 11 Paige, 166 ; *Collins* v. *Collins*, 80 N. Y. 1; *Middleton* v. *Middleton*, 18 Ill. App. 472; *Carpenter* v. *Osborn*, 102 N. Y. 552.) The Supreme Court had no legal authority to make the alimony payable to the plaintiff after the death of the defendant, and· to compel him to incumber his property by a mortgage to

secure such payment. (*Rogers* v. *Vines*, 6 Iredell, 297; *Lockridge* v. *Lockridge*, 3 Dana, 28; *Gaines* v. *Gaines*, 9 B. Monroe, 295; *Knapp* v. *Knapp*, 134 Mass. 355; *Wallingsford* v. *Wallingsford*, 6 H. & J. 485; *Clark* v. *Clark*, 6 W. & S. 85; *Kurts* v. *Kurts*, 38 Ark. 119; *Casteel* v. *Casteel*, Id 477; *O'Hagan* v. *O'Hagan*, 4 Iowa, 509; *Lennehan* v. *O'Keefe*, 107 Ill. 620; *Field* v. *Field*, 15 Abb. Pr. 434.)

*W. H. Bowman* for appellant. The trial court erred in refusing to allow the issues of fact raised by the pleadings to be tried by a jury after a proper and seasonable demand therefor had been made by defendant. (Constitution, art. 1, §§ 1, 2; 2 R. S. 145, § 40; 2 Edm. Stat. 150, § 40; *Morrell* v. *Morrell*, 17 Hun, 324; Code Civ. Pro. § 1757; *Coleman* v. *Dixon*, 50 N. Y. 572; *Conderman* v. *Conderman*, 44 Hun, 181; *Batzel* v. *Batzel*, 10 J. & S. 561.) It was error to allow the plaintiff to introduce in evidence about thirteen letters, some from plaintiff to defendant and others in reply thereto from defendant to plaintiff. (Code Civ Pro. § 831; Schouler on Domestic Relations [2d ed.] 64; *Alban* v. *Pritchard*, 6 T. R. 680; *Deen* v. *White*, 7 id. 112; *Kelly* v. *Small*, 2 Esp. 716; *Cook* v. *Burton*, 5 Bush, 64; *Peaslee* v. *McLoon*, 16 Gray, 488.) The separation articles between the parties of April 30, 1883, while not a bar to this action, should be held valid and binding in all other respects, and the support provided for plaintiff therein should be taken as the measure of alimony in this case. (*Carson* v. *Murray*, 3 Paige, 483; Reeves on Dom. Rel. 177; *Allen* v. *Affleck*, 64 How. Pr. 380; *Rogers* v. *Rogers*, 4 Paige, 516; 2 Bishop on Mar. and Div. [5th ed.] § 375; *Collins* v. *Collins*, 80 N. Y. 1; *Jones* v. *Fleming*, 104 id. 418; *Carpenter* v. *Osborn*, 102 id. 552, 560.) The sum awarded to plaintiff is too great and is not the result of a wise exercise of a sound judicial discretion. (*Halstead* v. *Halstead*, 5 Duer, 659; Willard's Equity [Potter's ed.] 669, 670; *Miller* v. *Miller*, 6 Johns. Ch. 91; *Collins* v. *Collins*, 10 Hun, 272; 2 Bishop on Mar. and Div. [5th ed.] §§ 463,

464, 472.) The alimony, irrespective of amount, should be made payable during the joint lives of the parties and cannot be made to continue after defendant's death. (1 Bishop on Mar. and Div. §§ 48, 49, 50, 56, 57, 69, 70, 71, 72; Constitution of 1777; 1 Greenl. 248, chap. 69; R. L. of 1813, 197, 200; Laws of 1824, chap. 205, sub. 12; 2 R. S. 145, § 45; Code Civ. Pro. § 1759; 20, 21, Statute Victoriae, chap. 85, § 32; Tyler on I. & C. 918; *Forest* v. *Forest*, 25 N. Y. 501; *Field* v. *Field*, 66 How. Pr. 347; 15 Abb. N. C. 434; 5 Civ. Pro. R. 34.)

*J. A. Stull* for respondent. The defendant was not entitled to a trial by a jury of any issue that he had not made by his answer. (*Hand* v. *Kennedy*, 83 N. Y. 149; *Black* v. *White*, 5 J. & S. 320.) The separation agreement of April 10, 1883, was neither a bar to the recovery of an absolute divorce in this action nor could it be made to prevent any permanent allowance to the plaintiff thereon of whatever amount the court might deem proper to grant, in excess or in lieu of the $100 per month, provided to be paid to plaintiff therein. (*Alba* v. *Wyman*, 10 Gray, 222; *Crain* v. *Cavena*, 63 Barb. 109; 36 id. 410; *Anderson* v. *Anderson*, 1 Edw. Ch. 240–280, 380; *Beeby* v. *Beeby*, 2 Hagg. Con. Eccl. R. 143; *Durant* v. *Durant*, 1 id. 760; *Carpenter* v. *Osborn*, 102 N. Y. 552; *Westmeath* v. *Westmeath*, 2 Hagg. Con. Eccl. R. 115; *Mortimer* v. *Mortimer*, Id. 318; Story's Eq. Jur. §§ 1247, 1248; *Champlain* v. *Champlain*, Hoff. Ch. 54; *Charmand* v. *Charmand*, 1 N. Y. 134; *Rogers* v. *Rogers*, 4 Paige, 516, 517, 518; *Fosdick* v. *Fosdick*, 32 A. L. J. 398; *Foster* v. *Foster*, 56 Vt. 540; *Morrison* v. *Morrison*, 49 N. H. 69; *Pinckard* v. *Pinckard*, 22 Ga. 31.) The amount of alimony to be allowed in such cases as this, as well as the time and manner of its payment, and security therefor, was within the discretion of the trial court; and though such discretion is not a purely arbitrary one, it is not the subject of review by an appellate court, except to see whether it has been abused. (*Forrest* v. *Forrest*, 25 N. Y. 518; *Powell* v. *Powell*, 3 Cts.

Prob. and Div. 199 ; *Street* v. *Street*, 2 Adams' Eccl. R. 1 ; *Cook* v. *Cook*, 2 Phil. 40 ; *Robbins* v. *Robbins*, 101 Ill. 416 ; *Bradley* v. *Bradley*, 45 Ind. 67 ; *Gordon* v. *Gordon*, 88 N. C. 45 ; *Froman* v. *Froman*. 53 Mich. 581 ; *Rose* v. *Rose*, Id. 585.) In this case there was no abuse of discretion as to the amount of permanent allowance granted to plaintiff even on the part of the trial court, and much less, as the same was modified by the General Term. The discretion was "fairly and judicially" exercised. (*Forrest* v. *Forrest*, 25 N. Y. 515, 516 ; 8 Bosw. 660 ; *Kempe* v. *Kempe*, 3 Eng. Eccl. R. 233 ; 1 Hagg 532 ; *Durant* v. *Durant*, Id. 528 ; *Peckford* v. *Peckford*, 1 Paige, 274 ; *Kirby* v. *Kirby*, Id. 261 ; *Lawrence* v. *Lawrence*, 3 id. 270 ; *Germond* v. *Germond*, 4 id. 643, 645 ; *Burr* v. *Burr*, 10 id. 20 ; *Mytton* v. *Mytton*, 3 Haggard's Eccl. R. 658 ; *Smith* v. *Smith*, 2 Phil. 237 ; 7 Hill, 207 ; *Cooke* v. *Cooke*, 2 Phil. 140 ; *Otway* v. *Otway*, Id. 109 ; *Prather* v. *Prather*, 4 Des. 33 ; *Taylor* v. *Taylor*, Id. 165 ; *Williams* v. *Williams*, Id. 183 ; 36 Wis. 363 ; Bishop on Mar. and Div. § 462 ; 1 Eng. Eccl. 178 ; *Platt* v. *Platt*, 9 Ohio, 37 ; *Chun* v. *Chun*, Meigs, 131 ; *Sanford* v. *Sanford*, 5 Day, 353 ; *Foote* v. *Foote*, 22 Ill. 425 ; *Whitsell* v. *Whitsell*, 8 B. Monroe, 50 ; *Rudman* v. *Rudman*, 5 Ind. 63 ; *Thornberry* v. *Thornberry*, 4 Lit. 251 ; *Fishli* v. *Fishli*, 2 id. 337 ; *Quisenberry* v. *Quisenberry*, 1 Duv. 197 ; *Robinson* v. *Robinson*, 7 Humph. 440 ; *Metzler* v. *Metzler*, 99 Ind. 384 ; *Dawson* v. *Dawson*, 110 Ill. 279 ; *Sesterhen* v. *Sesterhen*, 60 Iowa, 303 ; *Wuest* v. *Wuest*, 17 Nev. 217 ; *Mussing* v. *Mussing*, 104 Ill. 126 ; *Ressor* v. *Ressor*, 82 id. 442 ; *Musselmann* v. *Musselmann*, 44 Ind. 106 ; *Bailey* v. *Bailey*, 21 Gratt. 43 ; *Turner* v. *Turner*, 44 Ala. 467.) The allowance was properly made to extend during the lifetime of the plaintiff, to be secured by the defendant by a lien given on his property. (2 Bishop on Mar. and Div. §§ 351, 369, 428 ; *Burtis* v. *Burtis*, Hopk. Ch. 557 ; *Peugnet* v. *Phelps*, 48 Barb. 566 ; *Devanbagh* v. *Devanbagh*, 5 Paige, 554 ; 6 id. 175 ; *Crain* v. *Cavana*, 62 Barb. 109 ; 36 id. 410 ; Code Civ. Pro. § 1759 ; 2 R. S. 151, § 45 ; *Burr* v. *Burr*, 10 Paige, 20 ;

7 Hill, 267; *Beach* v. *Beach*, 29 Hun, 182; *Peckford* v. *Peckford*, 1 Paige, 274; *Cooke* v. *Cooke*, 2 Phil. 40; *Smith* v. *Smith*, Id. 235; *Miller* v. *Miller*, 64 Me. 489; *Stratton* v. *Stratton*, 77 id. 373; 52 Am. R. 779; *O'Hagan* v. *O'Hagan*, 4 Iowa, 509; *Madison* v. *Madison*, 1 Wash. 73; *In re Ensign*, 103 N. Y. 284; *Field* v. *Field*, 66 How. Pr. 346; 5 Civ. Pro. 34; 15 Abb. N. C. 434.)

Parker, J. Was it error to disregard the agreement between the parties to this action, and the trustee, providing for the support of this plaintiff during her life, and to make such an allowance as to the court seemed just, is the question presented for our consideration?

The trial court apparently adopted the view that, inasmuch as the statute empowers the court to require the wrong-doing husband to provide for the support of the wife, it may permit the agreement to stand, and, in addition thereto, compel the defendant to pay such other or further sum as the surrounding circumstances suggest to be just. On the other hand, the General Term proceed upon the theory that the plaintiff is not entitled to her support under and by virtue of an agreement in which she and her trustee contract that the defendants shall not be called upon to pay any other sum for that purpose, and at the same time be permitted to receive an additional allowance for her support by virtue of a judgment of the court, and, therefore, modified the judgment appealed from by the insertion of a provision declaring the termination of the force and legal effect of the separation agreement. It is well, therefore, at the outset to consider the validity and binding force of this contract, which one court ignores and another brushes away.

Marriage is favored in the law, and as a contract not to marry is against public policy, and void, so, too, is a contract between husband and wife to be divorced, or in the happening of a future event to live apart.

But while a contract to separate in the future is void, it is now too well settled, both in England and this country, to admit of discussion, that after a separation has taken place a contract may be made through the intervention of a trustee, which is effective to bind the husband to contribute the sum therein provided for the future support of the wife. (Bishop on Mar. and Div. §§ 637, 650; *Carson* v. *Murray*, 3 Paige, 483; *Magee* v. *Magee*, 67 Barb. 487; *Pettit* v. *Pettit*, 107 N. Y. 677; *Calkins* v. *Long*, 22 Barb. 97.)

The contract of separation is also valid, so far as relates to the indemnity given to the husband by the trustee. Such covenants are mutual and dependent. (*Wallace* v. *Bassett*, 41 Barb. 92; *Dupre* v. *Rein*, 7 Abb. N. C. 256.)

The contract between these parties was made after actual separation, and through the intervention of a trustee. By its terms the defendant obligated himself to pay for the benefit of this plaintiff certain fixed sums of money, and, in addition thereto, to pay to the trustee for her benefit, $100 monthly, during her natural life. On the part of the plaintiff and the trustee it was covenanted to " accept such payments, in full payment and satisfaction, for the maintenance and support of said Sarah F. Galusha during her natural life, and the said Galusha Phillips, trustee, in consideration of the several payments hereinbefore mentioned, does hereby agree to and with the said party of the first part, that Sarah F. Galusha shall fully support and maintain herself, and provide all things of all kinds necessary for her full support and maintenance, and that said Sarah F. Galusha will perform all acts and cove-nants which she has herein agreed to do and perform, and to save said party of the first part harmless from the payment of all sums of money for or on account of the full support, maintenance, medical attendance and any and all expenses, legal or otherwise, of said Sarah F. Galusha, for and during her natural life."

In view of the situation of the parties, the contract was, at the time of the execution, valid and binding upon all the parties thereto. The defendant has fully performed on his

part, and it would seem as if he were entitled to the protection which it was stipulated that full performance should give to him.

The argument that upon the granting of the decree of divorce there was a failure of consideration to support the agreement is without force.

The consideration for an agreement of separation fails, and the contract is avoided when separation does not take place; or where, after it has taken place, the parties are reconciled and cohabitation resumed. Neither of these events happened. The suggestion that the subsequent violation of the marriage vow by the defendant may be treated as vitiating the separation agreement does not require extended consideration, for it is without potency.

Because of the marriage relation the husband was bound to support his wife. This legal obligation constituted the basis for a settlement of their affairs, and the making of an agreement by which it should be definitely determined how much he should be obliged to contribute, and she entitled to receive from him, for her support.

After its making it was not in the power of either party, acting alone and against the will of the other, to do an act which would destroy or affect that contract. The act of adultery did not of itself subvert the marriage contract. It enabled the wife, through the aid of the courts, to relieve herself from the legal restraints of the marriage tie. But she need not have availed herself of that privilege.

She might have determined to condone the offense. Condonation is favored in the law. The wrongful act of the husband then did not of itself, avoid even the marriage contract. Much less was it potent to affect a contract founded, not upon a promise to faithfully observe the marriage vows, but instead upon a legal obligation to support and maintain the wife.

Neither did the act of the wife in availing herself of the husband's wrong to free herself from matrimonial bonds effect the separation agreement. At the time of the execution of the agreement, husband and wife had separated. It was fully

determined that they should not live together again. In that situation the wife demanded, and the husband conceded, a separate support.

The agreement provided not merely for her support during their joint lives, but also that, in event of death, his estate should contribute a like support each year, so long as she should live. By its terms the parties attempted a severance and settlement of their relations toward each other, in all respects save one, which should last for all time. They were powerless to dissolve the marriage tie, and, of course, did not attempt it. But they did make a settlement which was intended to separate them forever, as absolutely as it was in their power to do. The language of Chief Judge Ruger in delivering the opinion of the court in *Carpenter* v. *Osborn* (102 N. Y. 559), is applicable to the agreement here. " There is no express or implied condition in the contract that the plaintiff should continue to remain the wife of John Carpenter, but the obligation to pay interest was to continue unconditionally during her natural life." No attempt was made to shorten the period of payment, should divorce or marriage thereafter result. It is written that the death of the wife shall constitute the event which shall terminate the agreement. And the court will not attempt to read it as if it affirmed otherwise.

The parties to that agreement were powerless to provide that they should not be visited with the legal consequences of adultery. Any agreement to that effect would have been void. Such was and is the law, and they are presumed to have known it, and to have made their contract with the knowledge and understanding that in the event of the commission of the act of adultery, by either the husband or the wife, the other party would be at liberty either to permit the legal relation of husband and wife to continue or sunder the marriage tie in an action brought for that purpose. No provision was inserted that this contract for maintenance should be affected by the subsequent wrongful act of either party and none can be implied. A succeeding illegal act by

one of the parties, whether adultery or assault and battery, would render the offending party liable to incur the legal penalty thereof, but it could not affect a prior agreement for maintenance in the absence of a stipulation providing for such a result.

The views thus expressed lead to the conclusion that the separation agreement was not affected by the decree granting an absolute divorce. The position thus taken seems to be supported, either assertatively or by acquiescence, by text writers and decisions. (Stewart on Mar. and Div. § 191; *Grant* v. *Budd*, 30 Law T. Rep. 319; *Charlesworth* v. *Holt*, 43 L. J. [N. S.] pt. 2, ex. 25; *Clark* v. *Fosdick*, 13 Daly, 500; *Wright* v. *Miller*, 1 Sandf. Ch. 103; *Carpenter* v. *Osborn*, 102 N. Y. 552; *Jee* v. *Thurlow*, 2 Barn. & Cress. 547; *Kremelberg* v. *Kremelberg*, 52 Md. 553.)

We have, then, a valid tripartite agreement, and a subsequent judgment of divorce rendered in an action, wherein two of the parties to the agreement only are plaintiff and defendant. The plaintiff did not, in her complaint, ask, as a part of the relief, that the separation agreement be set aside. She did not allege that it had been obtained fraudulently or by means of duress. In no way whatever was its validity attacked, or a foundation laid which would have empowered a court of equity to set it aside. The subsequent order of the General Term, therefore, in directing such a modification of the judgment of divorce as would terminate the force and legal effect of this valid separation agreement cannot be sustained.

The authority conferred upon the court by the Code, to require the defendant to provide suitably for the support of the plaintiff as justice requires, is not so broad and comprehensive as to admit of a construction conferring upon the court power to ignore all existing rules as to parties, pleadings and proof and arbitrarily set aside a valid agreement, because in the judgment of the court one of the parties agreed to accept from the other a less sum of money than she ought.

We must now consider briefly whether the trial court should have granted an allowance in addition to the sum

646 646 GALUSHA v. GALUSUA. [Dec.,

which the parties had voluntarily agreed was sufficient for the support of the wife, and which both the wife and trustee covenanted to accept in full for her support and maintenance during her natural life.

There are a number of cases where, notwithstanding a voluntary settlement by a husband upon his wife, the court has made an additional allowance, upon the ground that the settlement was inadequate for her support. (Bishop on Mar. and Div. § 375, and cases cited.)

But our attention has not been called to a case in which the court has held that, where the wife, by the intervention of a trustee, makes a valid agreement that the settlement is sufficient for her support, and indemnifies the husband against any other or further payment therefor, the court will make a further allowance while that agreement is in force. The statute authorizes the court in the final judgment dissolving the marriage to require the defendant to provide suitably for the support of the plaintiff as justice requires, having regard to the circumstances of the respective parties. It directs this to be done because upon the dissolution of the marriage relation the legal obligation of the husband to support the wife ceases. But for the power thus conferred upon the court the result of the husband's misconduct would be to relieve him from the duty of supporting the wife whom he had wronged. But this authority to protect the wife in her means of support was not intended to take away from her the right to make such a settlement as she might deem best for her support and maintenance. The law looks favorably upon and encourages settlements made outside of courts between parties to a controversy. If, as in this case, the parties have legal capacity to contract, the subject of settlement is lawful and the contract without fraud or duress is properly and voluntarily executed, the court will not interfere. To hold otherwise would be not only to establish a rule in violation of well-settled principles, but in, effect, it would enable the court to disregard entirely settlements of this character. For, if the court can decree that the husband

must pay more than the parties have agreed upon, it is difficult to see any reason why it may not adjudge that the sum stipulated is in excess of the wife's requirements and decree that the husband contribute a smaller amount.

The views expressed lead to the conclusion that the judgment appealed from should be modified by striking out the provision terminating the force and effect of the separation agreement dated April 30, 1883.

It should be further modified by striking out the provision allowing alimony, and as thus modified, the judgment should be affirmed.

All concur, except FOLLETT, Ch. J., dissenting, and BRADLEY and HAIGHT, JJ., not sitting.

Judgment accordingly.