effect. He was not in any way shown to have authority to release a debt due the corporation, and his attempt so to do was wholly beyond the scope of his powers. *McCloskey* v. *Goldman,* 62 Misc. Rep. 462. Neither did defendant have a right to rely upon this act of Vogel without inquiring as to his power, as every person dealing with an officer of a corporation who assumes to act for it in matters in which the interests of the corporation and the officer are adverse is put upon inquiry as to the authority of the officer. Id.

BIJUR and PAGE, JJ., concur.

Judgment reversed and new trial ordered with costs to appellant to abide event.

---

REGINA LICHT, Appellant, *v.* HENRY LICHT, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1914.)

Husband and wife — separation agreement — validity.
Divorce — jurisdiction.

> A separation agreement made at the time the parties are living separate and apart is valid and cannot be repudiated by either party acting alone.
> By virtue of such an agreement the wife has the right to establish a domicile separate and apart from her husband.
> Where, during the pendency of an action for a separation, the parties agree to live separate and apart, the husband to pay the wife a certain sum a week while she continues to be his wife, a foreign decree of divorce granted to the husband, without jurisdiction of the wife having been obtained, is no defense to an action to recover for his default in making the weekly payments.

APPEAL from a judgment of the City Court of the city of New York, entered in favor of the defendant by direction of the court upon a special verdict.

Supreme Court, Appellate Term, December, 1914.    [Vol. 88.

Leopold Freiman, for appellant.

Morris and Samuel Meyers (Albert J. Rifkind and
Morris Meyers, of counsel), for respondent.

PAGE, J.   An action was heretofore brought in the
Supreme Court, Kings county, between the parties
hereto for a separation.   During the pendency of that
action an agreement "that the said parties may and
they shall continue to live, separate and apart from
each other for all time," was entered into between the
parties.   The agreement among other things also pro-
vided that the defendant would pay to the plaintiff the
sum of five dollars per week during her life " while
she continues to be his wife."   The defendant having
made default in payment since September 25, 1911, this
action was brought.   The defendant sets up a decree
of absolute divorce granted to him by the Second
Judicial Court of the state of Nevada, on the 5th day
of March, 1912, and claims that since that time the
plaintiff has not been the wife of the defendant.

It is conceded that process in the Nevada case was
not personally served upon this plaintiff within the
state of Nevada and that she did not appear therein.
The learned trial justice held that inasmuch as the de-
fendant acquired a residence in Nevada that state be-
came the matrimonial domicile of the parties, and the
court of that state acquired jurisdiction of this plain-
tiff by the service of process upon her within this state.

At the time the agreement for a separation was
made, the parties were living separate and apart.   The
agreement was therefore valid and binding upon
the parties and could not be repudiated by either party
acting alone.   *Galusha* v. *Galusha,* 116 N. Y. 635, 642,
643; *Winter* v. *Winter,* 191 id. 462.

By virtue of this agreement the plaintiff had the

right to establish a domicile separate and apart from her husband. Under such circumstances there can be no matrimonial domicile established by the act of the husband alone.

The decree of the Nevada court, having been granted without jurisdiction of the plaintiff, was void and constituted no defense to this action. The judgment should therefore be reversed, with costs, and judgment in favor of the plaintiff and against the defendant for the amount demanded in the complaint, with interest and costs, entered. The one hundred and twenty-five dollars paid to plaintiff at the close of the trial should be credited on the execution.

GUY and BIJUR, JJ., concur.

Judgment reversed, with costs.