ETHEL M. HAMLIN, Plaintiff, *v.* GUY E. HAMLIN, Defendant.

Supreme Court, Onondaga County, March 1, 1927.

**Husband and wife — divorce — agreement granting plaintiff specified sum as alimony for fifteen months, made after report of referee recommending alimony but prior to entry of interlocutory judgment, set aside — judgment of divorce modified by providing for payment of alimony.**

An agreement entered into between the parties to an action for divorce, after the report of the referee recommending the payment of $100 per month as alimony but prior to the entry of the interlocutory judgment, whereby defendant agreed to pay to the plaintiff the sum of $2,600 in installments of $175 per month, and the latter agreed to " accept said sum in full satisfaction for her support and maintenance and in full satisfaction of all alimony awarded to her or, which may be awarded to her in said action," and which further provided that upon the receipt of the final payment the plaintiff would execute and deliver a general release of all claims against the defendant for support and maintenance, should be set aside as unconscionable and improvidently made, where it appears that prior to the action for divorce, while the parties were living separate and apart, the defendant voluntarily paid the plaintiff $150 per month for her maintenance and support, and that at the time she made the agreement in question she was oppressed and had only the immediate future in mind.

Under the circumstances, the action by the plaintiff should be considered as one brought to set aside the aforesaid agreement and to modify the judgment of divorce as to the alimony provision. The judgment of divorce should be modified so as to provide for the payment of alimony in the sum of $100 per month.

ACTION to set aside an agreement executed pending a divorce action, and for other relief.

*Oliver D. Burden*, for the plaintiff.

*Frank E. & Ray T. Young*, for the defendant.

SMITH, J.    On the 5th day of June, 1919, in an action brought by Ethel M. Hamlin, the plaintiff herein, against Guy E. Hamlin, the

defendant herein, there was granted an interlocutory judgment of divorce in favor of the plaintiff and against the defendant, in which provision for alimony was made, and pursuant to which the defendant was directed to pay to the plaintiff the sum of $100 per month on the first day of each and every month during her natural life as a suitable allowance to the plaintiff for her support. This judgment was entered upon the report of a referee, who recommended therein the above-noted provision as to alimony. The interlocutory judgment was confirmed by the final judgment granted September 9, 1919, and entered.

In the month of May, 1919, after the report of the referee but before the granting of the interlocutory judgment, the parties to said action entered into a written agreement whereby the said Guy E. Hamlin agreed to pay to the said Ethel M. Hamlin the sum of $2,600 in installments of $175 per month, and the latter agreed "to accept said sum in full satisfaction for her support and maintenance and in full satisfaction of all alimony awarded to her or which may be awarded to her in said action." This agreement was entitled in the divorce action, recited the report of the referee and his recommendation for the allowance of $100 per month alimony, further recited that the plaintiff felt that said sum of $100 per month was inadequate, and then provided as above noted. The final provision was to the effect that the plaintiff, upon the receipt of the final payment of said sum of $2,600, would execute and deliver a general release of all claims against said defendant, particularly releasing him from the payment of any further alimony or sums for her support and maintenance.

The instant action is brought to set aside the agreement of May, 1919; for the recovery of the amount of the alimony awarded in said judgment, less the amount of $2,600 paid by the defendant and received by the plaintiff in pursuance of said agreement, and for such other or further relief as the court may deem proper to grant.

Prior to the commencement of the divorce action the defendant and the plaintiff had been separated and, without written agreement, the defendant was paying to the plaintiff $150 per month for her maintenance and support.

When the defendant married the plaintiff he, by force of the marriage contract, assumed the duty to maintain and support her according to his station in life; this was his duty at the time of the separation, and his obligation was not diminished by the commission of the crime of adultery, which was the basis of the action for divorce. So long as the marriage contract continued he could not escape this duty; and where provision is made for alimony

in a judgment of divorce, or where the subject of alimony is reserved in such judgment, the duty still remains; in other words, the defendant remains subject to the mandate of the court; he could make no contract absolving himself from this duty which would not be subject to inquiry by the court. The obligation is one which grows out of the marital status, and, while agreements of separation, if separation there must be, are recognized, still they are open to attack when their provisions are inadequate, inequitable, unjust, unconscionable, or where the contract was improvidently entered into.

I am satisfied that the agreement of May, 1919, was improvidently made. The report of the referee, in recommending alimony of $100 a month, was perhaps inadequate, under the circumstances disclosed in this action, but it was not final. At the time the plaintiff herein was in no state of mind to comprehend the full force and effect of the agreement; she was oppressed; she was nervous; she would grasp at a straw; the immediate future was the thing in her mind. In the light of the known facts this agreement was unconscionable. This husband owed his wife support so long as she lived. He had been paying her, while they were separated, prior to the divorce action, $150 a month. Under this agreement, however, his wife became helpless and dependent at the end of about fifteen months. The report of the referee, if approved, would have given her some support for life. The agreement must be read in the light of the circumstances; in its essence it was but a separation agreement made while the divorce action was pending; it was inadequate when made; its execution was made possible by a condition of mind on the part of the plaintiff at the time which deprived her of the power to duly appreciate the circumstances, and in my judgment it was so unconscionable as to have constituted a fraud upon her rights. It should be set aside. (*Tirrell* v. *Tirrell,* 232 N. Y. 224.)

The agreement was not void on its face; it is a subsisting agreement and binding upon the parties until such time as it shall have been set aside. In the trial of the divorce action the court, so long as the agreement was in existence, had it been brought to its attention, would have been without power to have granted the judgment in so far as it provided the amount of alimony. (*Galusha* v. *Galusha,* 116 N. Y. 635.) The fact of the existence of the agreement at the time of the entry of the interlocutory and final judgments of divorce was known to each of the parties, and each owed a duty to the court to apprise it of that fact prior to the signing of the interlocutory judgment. It now appears, however, that the agreement subsisted at the time, and that, therefore, under the decision

in *Galusha* v. *Galusha* (*supra*) the court, with the facts before it, would have been without power to make a binding provision in respect of the allowance of alimony. It consequently would follow that such a judgment is of no binding force so long as the agreement stands. However, it does appear that the matter of alimony in the action was before the court. It is not an unusual practice to reserve the consideration of questions affecting alimony; and, even where alimony is fixed, the amount thereof is subject to modification by a court of equity, to the end that changed conditions may be met.

The whole subject-matter of adequate provision by the defendant for the support of the plaintiff is properly before the court in the instant case; and, having already held that the agreement of May, 1919, should be set aside, the court may properly take into consideration what provision ought to be made by the defendant for the support of the plaintiff in the way of alimony. This subject was at least reserved by the judgment in the divorce action and is now properly before the court.

There are three possible views which suggest themselves as growing out of the situation created by the judgment of divorce and the agreement of May, 1919:

(1) Was the agreement, known to the parties but not to the court, merged in the judgment as a higher form of contract than the agreement? Under the circumstances of this case, a strong argument could be presented to such effect. However, the intent of the parties, shown by the agreement itself and by their subsequent conduct under it, including the failure of the plaintiff herein to take prompt action in reference thereto, leads to the conclusion that such was not the situation created.

(2) The second possible view is that the judgment of divorce was effective as to its provision for alimony, but that its operation was suspended by the agreement of May, 1919, and so long as that agreement exists; but that, immediately said agreement is set aside, the judgment becomes operative. The parties had the right, before as well as after the judgment of divorce, and irrespective of it, to agree in reference to the matter of support of the plaintiff by the defendant.

(3) The third possible view is that, in view of the agreement of May, 1919, the judgment is entirely ineffective as to the amount of alimony.

For the reasons above noted, I am unable to agree with the first of the above-stated views, the effect of which would be that the plaintiff would recover from the defendant the full amount of the alimony allowed by the judgment, less the payment of $2,600.

It becomes immaterial, so far as the result is concerned, which of the other two views is taken. The interlocutory and the final judgment of divorce, the agreement of May, 1919, and all the facts involved, are before the court; the parties are here; and, irrespective of the form of the prayer of the complaint, a court of equity has power to render such judgment as will meet the situation.

I choose to treat this action as one brought to set aside the agreement of May, 1919, and to modify the judgment of divorce as to the alimony provision. To rescind this sort of a contract it was not necessary that the plaintiff offer to refund the payments made thereunder; they constituted but a partial performance of a duty which the defendant owed in any event, and the ordinary rules applicable to the rescission of contracts do not here apply. Treating the judgment of divorce as ineffectual in respect of alimony, the relief sought is, in effect, for a modification of this judgment of divorce so that adequate provision may be made in respect thereof.

There has been made by the plaintiff no demand for an increase of the amount of alimony as stated in the judgment of divorce, and it has been rather assumed on the trial that the amount was a proper measure; the subject of any increase of the amount was not fully considered in the evidence. The amount stated in the judgment is in fact no measure at all, excepting as the amount has been assumed in the course of the trial of this action as a proper amount. The court here has power to fix the amount of alimony; and, although there is doubt as to whether or not the amount of $100 per month is, under the circumstances, adequate, considering the present financial condition of the plaintiff, the income of the defendant at the time when the separation agreement was made and his income now, still, upon the evidence, and in view of the failure fully to consider upon the trial the advisability of fixing a larger sum, I feel that I ought not to go further than to award to the plaintiff the sum of $100 per month, to be paid from the date of the commencement of the instant action until the further order of the court.

The plaintiff is entitled to judgment setting aside the agreement of May, 1919, and modifying the judgment of divorce of September 9, 1919, by providing for the payment of alimony by the defendant to the plaintiff of the sum of $100 per month until the further order of the court.

This leaves the question of any modification of the amount of alimony to subsequent proceedings at the foot of the judgment in the divorce action.

In making this determination the court has had in mind the views expressed in *Galusha* v. *Galusha* (138 N. Y. 272) and *Harding* v. *Harding* (203 App. Div. 721).

The plaintiff will prepare findings of fact and conclusions of law in accordance herewith, to be settled upon two days' notice unless agreed upon.

Judgment accordingly, with costs to the plaintiff.