ANTOINETTE L. HOLAHAN, Plaintiff, v. JAMES T. HOLAHAN, Defendant.

Supreme Court, Special Term, Monroe County, December 1, 1947.

*William B. Gelb* for plaintiff.

*Harry H. Service* for defendant.

GILBERT, J. The parties to this action were formerly husband and wife. On April 7, 1924, and while living separate and apart, the parties entered into a separation agreement which contained, among other matters, provision for the support and maintenance of the wife and the children of the marriage. Thereafter, and under date of April 7, 1928, and for a valuable consideration, a new agreement in writing and under seal was executed by the parties which changed the provisions for support and maintenance contained in the prior agreement of April 7, 1924; contained certain new agreements in reference thereto; and provided that similar provision for support and maintenance of the plaintiff might be incorporated in the judgment in a divorce action which the plaintiff had theretofore instituted against the defendant, in the event of her success in obtaining a decree. It expressly provided, however, that the provision in the divorce decree should in no way affect the obligations imposed by the agreement.

It is immaterial for the purposes of this decision to decide whether or not the agreement of April 7, 1928, be considered an amendment to or supplement of the agreement of 1924, or as a separate and distinct agreement between the parties.

The plaintiff has brought suit for a money judgment in the amount of $81,000, with interest on installments thereof, which she alleges is the unpaid balance due her under the terms of

the 1928 agreement. Issue was joined by service of the defendant's answer on June 18, 1947, and this motion is made by the plaintiff to strike out the defendant's answer and for summary judgment.

The motion is based upon the complaint, the answer, the affidavits of the plaintiff and her attorney, and a certified copy of the agreement entered into between the parties on April 7, 1928, from which appear the facts above stated in reference to the terms of the agreement between the parties; that a divorce was obtained by the plaintiff from the defendant, becoming final on August 20, 1928; that provision for support and maintenance of the plaintiff, similar to that provided in the agreement of April 7, 1928, was incorporated in the decree, that plaintiff has carried out all of the terms of said agreement on her part to be performed, and that the defendant has failed to make the payments under the agreement as alleged in the complaint. On this showing, and if a valid contract between the parties exists, the plaintiff's motion should be granted in the absence of the defendant's presenting facts sufficient to constitute a defense to the action.

The answer of the defendant contains a general denial of all allegations of the complaint and an affirmative plea of the six-year Statute of Limitations. The affidavits of the defendant and his attorney, submitted in opposition to the motion disclose the fact that in the year 1933, pursuant to a motion in the divorce action made by the defendant, the provision for plaintiff's support as contained therein was modified and that the defendant has made to plaintiff the payments as so modified and reduced and the defendant claims that by reason thereof there is nothing further due to plaintiff. In other words, that the modification of the provision for support contained in the divorce decree reaches beyond that decree and nullifies or cancels that provision contained in the agreement between the parties of April 7, 1928.

On the hearing of this motion leave was granted the defendant to serve an amended answer adding a defense of " Satisfaction of the contract ", based apparently on the matter contained in the affidavits submitted by the defendant at the hearing. In fact in his affidavit the defendant states that he has relied entirely on this order of the court in making the payments he has made.

The sufficiency of these defenses pleaded by the defendant will be taken up in the order in which they are submitted.

### First. The General Denial.

The complaint is composed of six numbered paragraphs, the first two of which allege only the residence of the respective parties. The third paragraph alleges the execution by the parties of the agreement in question, a certified copy of which was submitted in the hearing, and which is admitted in the defendant's own affidavit. The fourth paragraph alleges the payments made by the defendant since November 23, 1933, the effective date of the court order modifying the alimony provision contained in the divorce decree. The payments are affirmatively alleged in the defendant's affidavit to have been made by him. The sixth paragraph is merely a conclusion of law and fact based on the allegations of the preceding paragraphs.

Paragraph five alleges performance by plaintiff of all conditions of the agreement on her part to be performed. Nothing appears in the answer of defendant or in his answering affidavits to dispute this allegation. On the hearing, and in the defendant's brief submitted to the court, the defendant urges that no demand for payment was made by plaintiff. This is not the type of action where demand is a prerequisite to bringing action. (See *Trussell* v. *Trussell*, 183 N. Y. S. 32.) In any event, the record on appeal in *Holahan* v. *Holahan* (234 App. Div. 572) shows that a continuing demand in writing was served under date of August 25, 1931. This was a proceeding between the same parties.

By reason of the foregoing it is clearly apparent that this defense is sham and frivolous and entirely without merit.

### Second. The Statute of Limitations.

Defendant has interposed in addition to the general denial, the affirmative defense that the cause of action is barred by the Statute of Limitations. The instrument upon which the action here is brought is under seal and dated April 7, 1928. The effect of the seal upon an instrument was removed in 1941 by an amendment to section 47 of the Civil Practice Act (L. 1941, ch. 329). This section provides that if on September, 1941, there remains on a sealed instrument a period of time within which to commence an action on the instrument of more than six years, such period shall be shortened to six years from September 1, 1941. In the instant case, the sealed instrument which had its inception on April 7, 1928, had on September 1, 1941, more than six years to go within which time an action could be commenced upon it. The cause of action would not expire until April 7, 1948, and on September 1, 1941, there

existed a period of time of more than six years from that date until April 7, 1948. Therefore, according to the statute, plaintiff had six years from September 1, 1941, within which to commence an action on the instrument, i. e. until September 1, 1947. Plaintiff began her action on May 21, 1947, within the period permitted by the statute.

### Third. The Defense of " Satisfaction "

This defense presents purely a question of law, as the facts are not in dispute.

Was the agreement made by the parties on April 7, 1928, so far as payments to the plaintiff by the defendant are concerned, cancelled and annulled or in any way affected by the order of this court made in 1933, in the proceeding brought by the defendant to modify the alimony provision contained in the decree of divorce?

It is entirely lawful for a husband and wife living separate and apart, to enter into a separation agreement. The agreement may contain a provision for the separate maintenance and support of the wife. So long as the agreement stands unimpeached, there is no authority in the court to alter such a provision nor can either party, acting alone, destroy the contract. (*Galusha* v. *Galusha,* 116 N. Y. 635.) The holding of the Court of Appeals in the *Galusha* case has never been changed. (*Goldman* v. *Goldman,* 282 N. Y. 296, 301.)

This rule, of course, applies only to the contract provision, not to the provision incorporated in the divorce decree. (*Goldman* v. *Goldman, supra.*) The law as laid down in the *Galusha* and *Goldman* cases applied to the facts in the case now before this court, supports the finding that the parties to this action could by mutual contract fix the amount that the defendant should pay plaintiff for her support; that such provision could be incorporated in the divorce decree; that the parties could not, by covenants in the private agreement, deprive the court of the power to alter this provision pursuant to section 1155 of the Civil Practice Act; that such an alteration by the court of the provisions of the divorce decree did not of itself alter the contractual obligation; that the plaintiff while the contract remained in force, could pursue the remedies provided by sections 1171, 1171-a, 1171-b, and 1172, to enforce the provision in the divorce decree without impairing her rights under the contract; that a breach of the contract by the defendant could not destroy plaintiff's rights thereunder.

By the terms of the agreement of April 7, 1928, the plaintiff agreed not to apply for an increase in the amount provided for her in the agreement and the defendant agreed not to apply for a decrease thereof.

The application to the court in 1933, for a decrease in the amount of alimony provided in the divorce decree, was made by the defendant. At that time he was also in default of many payments required by the agreement and provision of the divorce decree. Clearly, this conduct on his part was a breach of the agreement.

Has the plaintiff on her part acquiesced in this breach or elected against the contract or on her part breached the same?

Numerous cases could be cited which present situations where wives have been held to have abandoned or lost their rights to enforce provisions for support under private agreements. (Among others: *Sockman* v. *Sockman,* 252 App. Div. 914 [4th Dept.], *Randolph* v. *Field,* 165 App. Div. 279; *Pinkus* v. *Pinkus,* 230 App. Div. 791, *O'Brien* v. *O'Brien,* 252 App. Div. 427 [4th Dept.].) In *Woods* v. *Bard* (285 N. Y. 11), it was held a question of fact was presented.

The cases usually present a situation where a wife has brought suit for a decree of separation when a prior agreement exists, or where application is made for an alimony order while such an agreement exists.

On the present motion the defendant relies on the order of the court in 1933, which reduced the alimony provision, and the fact that plaintiff has accepted payments at the reduced rate since that time.

It must be remembered that application to the court was made by the defendant, not the plaintiff, and that the application was opposed by plaintiff. It would be strange indeed if this conduct on plaintiff's part could be construed as a waiver of her rights, particularly where defendant had agreed not to make such an application and plaintiff's legal remedies were to some extent impaired as a result. The court had the power (*Goldman* v. *Goldman,* 282 N. Y. 296, *supra*) to alter the provision in its decree, and mere acceptance by the plaintiff of payments by defendant under the order of modification does not spell out an abandonment by plaintiff of her rights under the contract. The doctrine of estoppel has no application here.

The defendant also urges in his brief that a motion made by plaintiff to the court to restore the alimony provision in the divorce decree to its original amount has worked a forfeiture of plaintiff's right under the contract. It is unnecessary to

pass on that question in a decision of this motion as such application was not made until this action was brought and, even if defendant is correct in this contention, it would not affect plaintiff's rights under the contract prior to the time the application to the court was made. (*Breiterman* v. *Breiterman*, 239 App. Div. 709.) It might be pointed out, however, that plaintiff is only seeking to enforce a provision contained in the agreement of April 7, 1928.

It follows, therefore, that no triable issue is presented by the allegations of the answer and supporting affidavits and that plaintiff is entitled to summary judgment for the relief demanded in the complaint.