CHARLOTTE B. KING, Plaintiff, *v.* EARL J. KING, Defendant.

Supreme Court, Special Term, Cayuga County, April 23, 1951.

*William S. Elder, Jr.,* for defendant.

*Burke N. Carson* for plaintiff.

BLAUVELT, J. The parties to this action were married in 1939 and lived together as man and wife until February, 1949, when they separated without formal agreement or judicial decree. Two children were born of this marriage, Sharon Avis King in 1943 and Douglas Earl King in 1946.

On or about September 10, 1949, plaintiff started an action against defendant in the Supreme Court of the State of New York for an absolute divorce. The defendant did not appear therein, and a default decree was granted on October 11, 1949, dissolving the marriage. The decree granted custody of the two infant children to the plaintiff mother " subject to the rights of visitation specified in a separation agreement executed by the plaintiff and defendant on the 29th day of September, 1949 ". The decree also provided, " that the defendant pay to the plaintiff the sum of $35.00 per week as and for the support and maintenance of the plaintiff and the issue of said marriage ", without specifically referring to any separation agreement in connection with this clause of the decree.

After the divorce action had been instituted and before defendant was in default in appearing, on September 29, 1949, the plaintiff and defendant entered into a written separation agreement. This agreement contained many of the customary provisions of the general character usually found in agreements of this type, one being a promise by the defendant to pay to the plaintiff the sum of $35 per week, as the full, fair and reasonable provision for the plaintiff and for the maintenance, education and support of said children. This provision for support was to continue as long as both parties remained alive and was conditioned upon the plaintiff's performing her part of the agreement and was to terminate if the plaintiff should remarry, or if the defendant should obtain a divorce against the plaintiff. None of these above-stated contingencies have occurred which would have operated to terminate the promise in the separation agreement to pay $35 per week for the support of the plaintiff and the children.

This separation agreement also contained an unusual provision which refers to the $35 weekly payment and reads as follows: "The foregoing payments shall be in full satisfaction and discharge of any and all alimony, whether permanent or temporary, that the Second Party (Wife) may claim, or be awarded, in any action that may hereafter be brought by either against the other; but, in the event there shall be any material or substantial change in the weekly earnings of the First Party (Husband), both parties agree to make any adjustments that may be required in the circumstances."

The defendant paid the $35 weekly amount as provided for in the separation agreement and in the divorce decree until December 16, 1950. On this date the Supreme Court at Special Term, on motion of the defendant based upon a substantial decrease in his earnings, made an order modifying the aforesaid divorce decree of October 11, 1949, by reducing the required $35 weekly payments to the amount of $24 per week.

Thereafter the plaintiff brought on a motion to restore the weekly payments of $35 per week by seeking modification of the order of December 16, 1950, which motion was denied on February 17, 1951, on the grounds that there had been no material change in the financial circumstances of the defendant since the adjudication of December, 1950.

On March 6, 1951, plaintiff started this action which is the present subject of controversy. Plaintiff has brought suit on the separation agreement and asks for a money judgment against

the defendant for the unpaid balance which she alleges is due her at the rate of $35 weekly. She credits defendant with the payments of $24 weekly which he has made pursuant to the modified terms of the divorce decree, but claims that he is not relieved from performing the full obligations of the contract entered into with her in September, 1949.

Defendant has interposed an answer to the complaint which admits substantially all of the material allegations of plaintiff except that he denies any obligation to pay at the rate of $35 per week. The answer includes an affirmative defense setting forth the modification of the divorce decree which reduced the payments required thereby to the $24 weekly rate, and defendant alleges that the agreement of separation was merged in and superseded by the modified final decree of divorce. This motion of the defendant asks for summary judgment dismissing the complaint.

Plaintiff in her cross motion seeks to have the answer stricken and asks that summary judgment be rendered in her favor. Both parties affirmatively state in their respective affidavits contained in the moving papers that there exists no issue of fact for determination by a court or jury, but solely a question of law is presented which this court is requested to decide.

It is settled law in this State that a separation agreement may survive a decree of divorce. (See *Holahan* v. *Holahan*, 191 Misc. 47, affd. 274 App. Div. 846, affd. 298 N. Y. 798; *Goldman* v. *Goldman*, 282 N. Y. 296; *Galusha* v. *Galusha*, 116 N. Y. 635, 138 N. Y. 272, and *Van Horn* v. *Van Horn*, 196 App. Div. 472.)

The parties to the separation agreement unquestionably intended that the contract should not be merged in and superseded by the decree of divorce because it was entered into after the action for divorce had been commenced and in substance provided by its terms, *inter alia,* that the payments specified therein should be continued unless the wife (plaintiff) should remarry. Consideration by the parties of a possibility of remarriage of the wife during the lifetime of the husband certainly contemplated a dissolution or annulment of the existing marriage.

The court finds no act or deed on the part of the plaintiff which could possibly be construed as a breach of the agreement by her, nor has she rescinded or repudiated the contract. She has neither elected to abandon her rights under the agreement nor acquiesced in defendant's successful efforts to pay less than the stipulated $35 per week for support. On the contrary,

her every act has been made in an effort to enforce her interpretation of the provision for support contained in the agreement of September 29, 1949.

It is clear that the separation agreement in this case was not cancelled or annulled either by the divorce decree or any acts of the plaintiff and the court would have no hesitancy to render judgment for the plaintiff except for a clause in the agreement itself which under the circumstances makes the contract unenforcible.

As pointed out earlier, the separation agreement provided that in the event there should be any material or substantial change in the weekly earnings of the husband, both parties agreed to make any adjustments that might be required in the circumstances. It is an undisputed fact that defendant's weekly earnings have substantially diminished. It was for that reason that the court modified its divorce decree by ordering a reduction in the amount of support payments. The parties to the agreement have failed to make the adjustments in amount of payments as contemplated by the contract. This clause is so indefinite and uncertain that it is unenforcible. (N. Y. Ann., Restatement, Contracts, § 32; 1 Williston on Contracts [Rev. ed.], §§ 37, 41, 45, 46.)

It has been remarked by our Court of Appeals, in holding a contract unenforcible because of indefiniteness: "But one element of the contracts was left open to future negotiations. Prices were to be fixed by mutual agreement * * *. These terms are so indefinite as to have no legal significance; they amount to nothing more than an agreement to make a future agreement; an agreement to agree is not enforcible." (*St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30, 36. See, also, *Varney* v. *Ditmars*, 217 N. Y. 223, and *United Press* v. *New York Press Co.*, 164 N. Y. 406.)

In the case at bar, the indefinite promise to make required adjustments in the future is such an essential part of the contract that inability to enforce that promise strictly according to its terms would make it unfair to enforce the remainder of the agreement. The amount to be paid by the defendant for support is so far an integral part of the separation agreement and being unenforcible, that the entire agreement of September 29, 1949, must be determined to be a nullity. (See *Stoddard* v. *Stoddard*, 227 N. Y. 13, 20, and 1 Williston on Contracts [Rev. ed.], § 48.)

The separation agreement being unenforcible and a nullity, it follows that the complaint of plaintiff based thereon must be dismissed.

Motion of defendant for dismissal of the complaint is granted and judgment is directed for the defendant. Cross motion of plaintiff is denied.

Submit order.