Ruth Borax, Appellant, *v.* Herman Borax, Respondent.

First Department, April 9, 1957.

*Charles Rothenberg* of counsel (*Rothenberg, Atkins & Koss,* attorneys), for appellant.

*Maurice Shorenstein* of counsel (*Shorenstein & Shorenstein,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). The complaint alleges three causes of action: the first is to set aside a separation agreement made between the parties on March 14, 1946; the second is for separation on the ground of adultery; and the third is for separation on the ground of cruel and inhuman treatment. The separation agreement is annexed to the complaint and contains the following covenant: " neither party shall, in any manner or form whatever, molest or trouble the other." The gravamen of the first cause of action is that the defendant has breached the covenant against molestation. Appellant relies on *Fearon* v. *Aylesford* (14 Q. B. 792). We assume for the purpose of this decision that the acts alleged are sufficient to establish a breach of the

covenant. Nevertheless, on the reasoning of the case relied on by the appellant, which reasoning commends itself to us, this action may not be maintained.

In *Fearon* v. *Aylesford* (*supra,* p. 800) BRETT, M. R., held the covenant against molestation and the covenant on the part of the husband to pay the annuity were independent covenants, and that the breach of the former by the wife did not serve to relieve the husband of his obligation to pay the annuity. COTTON, L. J. (p. 805), concurred.

The breach of an independent covenant does not warrant rescission. (17 C. J. S., Contracts, § 425.) What constitutes an independent covenant and a dependent covenant in the absence of any expressed intention may depend largely on the relative materiality of the provision. The English rule is more rigid than the American rule and favors the independent covenant. (*Raftery* v. *World Film Corp.,* 180 App. Div. 475.) We are of the opinion, however, that the English rule stated in *Fearon* that the support provisions of a separation agreement and the covenant against molestation are independent is consonant with the public policy of this State which imposes the obligation to support the wife on the husband. (Domestic Relations Law, § 51.) Since it appears that the wife's breach of the covenant against molestation is no defense to an action for breach of the covenant to support (*Fearon* v. *Aylesford, supra*) there is no basis for the rescission sought in the first cause of action. '' In truth rescission is imposed *in invitum* by the law at the option of the injured party * * * for any breach of contract of so material and substantial a nature as should constitute a defense to an action brought by the party in default for a refusal to proceed with the contract.'' (Williston, Repudiation of Contracts, 14 Harv. L. Rev. 318, 325, cited with approval in *Raftery* v. *World Film Corp., supra,* p. 479.) Moreover, there is point to the observation of the learned Special Term to the effect that some of the alleged acts of molestation in this case were either insubstantial or irrelevant to the scope of the covenant.

The subsisting separation agreement is a bar to the second and third causes of action for separation. (*Galusha* v. *Galusha,* 116 N. Y. 635.)

Plaintiff's remedy, if any, by way of an action for breach of the covenant or other remedy against molestation, remains unaffected by this disposition.

For the foregoing reasons the order should be affirmed, without costs.

BREITEL, J. P., BOTEIN, RABIN, VALENTE and McNALLY, JJ., concur.

Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent. [See *post*, p. 824.]