Per Curiam. .
While the contract provides, “ This agreement is not to be deemed a reconciliation between the parties and is not intended to change the legal status of the presently existing separation,” the fact remains that the parties became reconciled and have lived together and cohabited as husband and wife continuously for a period of six years following the execution of the agreement. Since the agreement clearly provides for a possible separation in the future, or for a separation contingent upon the happening of a future event, it is illegal and contrary to public policy (see 17A Am. Jur., Divorce and Separation, § 889, p. 78 ; Galusha v. Galusha, 116 N. Y. 635). Moreover, the financial provisions agreed upon are substantially in excess of *703 what a court could allow and consequently this provision is void (Yates v. Yates, 183 Misc. 934 ; Matter of Rhinelander, 290 N. Y. 31, 37, 38). A wife may not have alimony and also sue on this invalid agreement.
The order should be modified and defendant’s motion for summary judgment dismissing the complaint granted, and plaintiff’s cross motion for summary judgment denied, with $10 costs to defendant-appellant.
Aurelio and Tilzer, JJ., concur; Hofstadter, J. P., dissents. Order modified, etc.