Benjamin Brenner, J.
The plaintiff husband seeks to stay-execution of a judgment procured by the defendant wife pursuant to a separation agreement, pending this suit for divorce based upon the claimed adultery of the wife.
In effect, the husband is asking equitable relief from the immediate enforcement of the judgment and is even prepared to execute a surety company bond to assure its ultimate payment, claiming that his means of livelihood and the future support of the wife and children would be destroyed if the grocery business and its assets be levied upon.
True, in a matrimonial suit, relief pendente lite is often granted a wife claiming violation of the matrimonial vow. Such relief, however, is afforded by statute, and no statute exists to relieve the husband from the enforcement of the terms of a separation agreement because of the wife’s alleged adultery. Indeed, decisional law binds the parties to their agreement regardless of violation of the marriage vow (Galusha v. Galusha, 116 N. Y. 635), and the mere allegation of adultery is not a defense to an action brought to enforce such an agreement (Davis v. Davis, 8 A D 2d 566).
It follows, a fortiori, that where as here, a judgment is already procured pursuant to the terms of a separation agreement, allegations of adultery may not stay execution of such judgment, particularly since such defense was interposed upon trial of the action which culminated in the judgment.
It would seem to me that if the husband is financially capable, as he claims, of securing a surety company bond to stay execution of the judgment which he does not deny was justly obtained, then he should be capable of obtaining the necessary credit to satisfy the judgment and prevent the loss of his business. Motion is denied.