Allen Murray Myers, J.
This is an action for counsel fees for legal services rendered on behalf of defendant’s former *989 wife on the theory that the services rendered were necessaries. The complaint alleges that the services renderd involved the opening of a default matrimonial judgment, the interposition of an answer and the defense of the action.
Martin Revson, the defendant, and his former wife, Julie Phelps Revson, entered into a separation agreement on October 14, 1963. A judgment of separation dated October 23, 1963 was rendered by the Supreme Court of Westchester County. Although the separation agreement was incorporated into the judgment it remained unmerged in and survived the judgment. Thereafter, Martin Revson obtained a default judgment of divorce on April 21, 1969.
Julie Phelps Revson then retained the plaintiffs to represent her for the purpose of vacating the default, interposing an answer and defending the action. The retainer agreement provided for a fee of $3,500 plus expenses for this work and provided for additional fees if a hearing is required. This fee of $3,500 was paid to the plaintiffs by Mrs. Revson. The agreement further provided that the fees do not include services which may 1 ‘ be rendered * * * in connection with any appeal by any party from the order to be entered by the Court in connection with the aforesaid proposed motion to vacate the Judgment of Divorce ’ ’.
On June 18, 1969, Justice Lobeto rendered a decision, upon the motion prepared by the plaintiffs, permitting Julie Phelps Revson to file an answer but further held that the divorce was to remain in effect pending determination of the issues raised by the answer to be interposed. The defendant Martin Revson unsuccessfully appealed from that order. Plaintiffs were then awarded counsel fees of $5,000 for the successful defense of the appeal by the Supreme Court. That award also permitted the plaintiffs to withdraw as counsel for Mrs. Revson. The defense of the matrimonial action was ultimately abandoned, presumably because the decision of the Court of Appeals in Gleason v. Gleason (26 N Y 2d 28) made it untenable.
Assuming that the plaintiffs were entitled to recover counsel fees as necessaries, their right of action against the defendant would only be derivative. Julie Revs on’s obligations were limited by the terms of the retainer agreement which clearly spelled out her entire obligation to the plaintiffs and she paid the entire fee that she was obligated to pay pursuant to the retainer. Even if there were no agreed fee, I find $3,500 to be the fair and reasonable value of the services rendered.
Even if, arguendo, plaintiffs were entitled to more, they cannot recover that amount as necessaries. Where there is a *990 separation agreement, as here, the husband’s obligations are limited by the provisions of said agreement (Matter of Freundlich, 112 N. Y. S. 2d 653) and the courts cannot interfere with such an agreement. The exception is that the matrimonial trial court may require a husband to provide suitably for the wife if the settlement was inadequate for her support (Galusha v. Galusha, 116 N. Y. 635). In the case at bar, there was sufficient provision made in the separation .agreement to enable the wife to pay for her necessary attorney’s fees.
In addition, the husband’s obligation to provide for his wife’s necessaries terminates with the severance of the marital relationship (Frooks v. Peck, 35 Misc 2d 177). The order of Judge Loreto specifically provided that the divorce decree was to remain in effect pending the determination of the issues to be raised in the answer. The matrimonial action was ultimately abandoned. Not only is that judgment of divorce effective, there is not even a theory upon which to base a finding of a pending action.
I do not pass on the plaintiffs’ right to recover counsel fees under section 237 of the Domestic Relations Law because such counsel fees can only be awarded in the court where the matrimonial action is pending and ‘ ‘ must be made in the final judgment in 'Such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment”. (See Kleefield v. Funtanellas, 201 N. Y. S. 2d 907.)
Accordingly, the complaint is dismissed.