BERTHA CHAMBERLAIN BUTLER, Respondent, *v.* HARRY V. BUTLER, Appellant.

Second Department, July 25, 1923.

**Husband and wife — action on agreement by husband to pay wife $150 per month for support — defense that wife elected to terminate agreement by motion for temporary alimony made in annulment action by husband which was granted for same amount as stipulated in agreement — defendant continued payments up to time motion for alimony was made — defense is not good.**

In an action to recover upon an agreement entered into between the defendant and the plaintiff, his wife, whereby the defendant agreed to pay the plaintiff the sum of $150 per month for her support and maintenance, it is not a good defense that after the making of the agreement the defendant herein brought an action to annul the marriage in which the plaintiff herein procured an order directing the defendant to pay the plaintiff $150 per month as temporary alimony where it appears that the defendant continued to make payments under the agreement until the motion for alimony was made.

The plaintiff herein did not have a choice of remedies in the annulment action since alimony could not be legally granted in that action; her only remedy was upon the agreement upon which she now sues.

APPEAL by the defendant, Harry V. Butler, from an order of the County Court of the county of Westchester, entered in the office of the clerk of said county on the 30th day of January, 1923, granting plaintiff's motion for judgment on the pleadings, and also from the judgment in favor of the plaintiff entered in said clerk's office on the same day pursuant to said order.

*Edward H. Davis* [*Abraham Greenberg* with him on the brief], for the appellant.

*Myle J. Holley,* for the respondent.

JAYCOX, J.:

The complaint sets forth a cause of action to recover upon an agreement entered into between the defendant, the husband, and the plaintiff, his wife, whereby the defendant agreed to pay to the plaintiff the sum of $150 per month for her support and maintenance, and alleges that the defendant has failed to make the payments becoming due under said agreement between the 1st day of March, 1922, and the 1st day of June, 1922, and demands judgment for $450.

The answer sets up as a defense that on the 27th day of July, 1920, an action was pending between these parties in which the defendant herein was plaintiff and the plaintiff herein was defendant, wherein the plaintiff prayed for the annulment of the marriage;

that on said date the defendant in that action (the plaintiff herein) applied to and moved the court for an order directing defendant to pay to the plaintiff the sum of $500 monthly for her support and maintenance during the pendency of the action, alleging and contending that the defendant, by the institution of said action for the annulment of the marriage, had thereby repudiated the agreement alleged in the complaint herein and had thereby elected to terminate the same; that the sum of $150 which the defendant had theretofore agreed to pay to the plaintiff monthly for her support and maintenance was entirely inadequate for her proper support and station in life; that the plaintiff, by such application, did acquiesce and consent to such repudiation of such agreement; that the application resulted in an order, dated the 20th day of December, 1920, whereby the defendant was directed to pay to this plaintiff, as temporary alimony in such action, the sum of $150 monthly, commencing on the 15th day of December, 1920; and that thereby the agreement between the plaintiff and the defendant, set forth in the complaint, was canceled and annulled.

The appellant claims that the plaintiff herein by her motion in the other action elected to terminate the agreement and that her election is final. In support of this he cites *Henry* v. *Herrington* (193 N. Y. 218); *Georgi* v. *Texas Co.* (225 id. 410); *Whalen* v. *Stuart* (194 id. 495) and *Merry Realty Co.* v. *Shamokin & Hollis Real Estate Co.* (230 id. 316). From the first case cited he quotes (p. 221): " This doctrine of the election of inconsistent remedies consists in holding a party, where there is, by law, or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, to the one taken." He also quotes from *Ratchford* v. *Cayuga County C. S. & W. Co.* (217 N. Y. 565): " Where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other."

With the views thus expressed I am in entire accord. The trouble with the appellant's position, as I view it, is that the defendant in the prior action did not have a choice of remedies. I think she had a remedy only upon the agreement upon which she now sues. Her application to the court was erroneous.

The appellant also cites a number of cases as particularly applicable to actions of this character. I will discuss only one as fairly illustrative of them all. *Randolph* v. *Field* (165 App. Div. 279) was an action brought to recover certain installments alleged to be due under a separation agreement. The defendant interposed a defense in which he alleged in substance that after the making of the separation agreement the plaintiff commenced

an action for separation against the defendant, in which action he was ordered to pay her a counsel fee of $250 and also $20 per week for alimony during the pendency of the action; that pursuant to such order he paid $250 counsel fee and also paid each week the sum of $20; and that the plaintiff did elect to and did accept and acquiesce in the repudiation by him of the separation agreement. A demurrer was interposed to this defense. The demurrer was overruled by the trial court. An appeal was taken to the Appellate Term, where the decision of the trial court was reversed and the demurrer sustained. (84 Misc. Rep. 403.) Upon appeal to the Appellate Division the decision of the Appellate Term was reversed and the demurrer overruled. The Appellate Division there held that by his refusals to make the payments required by the agreement the defendant had repudiated the agreement and that the plaintiff, confronted with the alternative of relying on the separation agreement for her support or repudiating it and asserting her marital right to be supported by her husband, chose the latter course. If the agreement for her support were still in existence, then she must depend upon that only, but that she obviated all question as to her right to bring an action by pleading the separation agreement and its repudiation by the defendant. The institution of her action was an assent to the repudiation and also a repudiation upon her part. Therefore, two parties competent to make a contract had concurred in waiving or abandoning it, and such united waiver dissolved the contract and the rights of each under it were at an end. (*Graves v. White*, 87 N. Y. 463.)

The distinction between that case and this, as I view it, is that there was in that case a clear repudiation by the husband because of his failure to make the payments required by the agreement. In this case there has been no such failure. In fact the husband made the payments, so far as the pleading shows, right up to the time the motion was made for counsel fee and alimony. In that case also the court allowed and the plaintiff accepted more than she would have been entitled to under the agreement in question. In this case neither of those elements exists. The institution of an action to annul the marriage was clearly not a repudiation of the agreement to support the wife during the existence of the marriage. Her statement that it was a repudiation was not well founded. The court, however, made an order, but the order directed payment of just the amount the wife was entitled to under the agreement. This gave her no benefit she was not entitled to and did not, in my estimation, change the situation in any way. As was pointed out in *Galusha v. Galusha* (116 N. Y. 635) this agreement was binding upon the parties until it was canceled by mutual consent

or by the court in an action brought for that purpose. I think there was no mutual consent here to cancel the agreement, and certainly the action of the court did not do so. In the *Galusha* case when the court gave alimony to which the wife was not entitled, the Court of Appeals struck it out upon the ground that the court exceeded its authority and that the wife's only remedy was upon the agreement. The same situation exists here. The husband did not repudiate the agreement. The wife's claim that he had done so was unavailing to cancel the agreement and the court was without authority to grant alimony.

The judgment and order appealed from should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Judgment and order of the County Court of Westchester county unanimously affirmed, with costs.