NELLIE ASCHER, Respondent, *v.* LEON ASCHER, Appellant.

First Department, June 12, 1925.

**Husband and wife — divorce — action by wife — alimony and counsel fee — appeal — evading service of order for payment of alimony and counsel fee does not prevent husband from being heard on appeal from order — prior separation agreement provided for monthly payments by husband to wife — defendant failed to pay installment and action was brought to recover same — present motion for alimony and counsel fee was made immediately — alimony and counsel fee not granted where separation agreement is in force — plaintiff waived any breach of separation agreement by defendant by commencing action to recover installment — as to plaintiff separation agreement is in force and she cannot have alimony and counsel fee.**

The fact that a husband remains without the State evading service of an order in an action for divorce for the payment of alimony and counsel fee which order he contests as unfounded will not prevent his being heard on appeal from said order.

Alimony and counsel fee will be denied a wife in an action for divorce, where a prior valid separation agreement providing for monthly payments by the husband to the wife is in force.

Alimony and counsel fee will be denied although a prior separation agreement has been broken by the husband by refusing to pay an installment, where the wife, prior to the motion for alimony and counsel fee, has commenced an action on the separation agreement to recover the installment due, for the action by the wife constitutes a waiver of any breach of the agreement on the part of the husband, for, by commencing the action, she elects to confirm the contract and from that time until another breach occurs, the separation agreement as to her is in force and she cannot be awarded alimony and counsel fee.

APPEAL by the defendant, Leon Ascher, from an order of the Supreme Court, made at the New York Special Term on the 26th day of March, 1925, and entered in the office of the clerk of the county of New York granting plaintiff temporary alimony at the rate of $375 per month and counsel fees of $500, and also costs and disbursements.

*Abram Goodman,* for the appellant.

McAVOY, J.:

There is no brief in this case for respondent. She submits an affidavit that she has no means to employ a lawyer or print a brief, and also presents a memorandum used on an application for a stay in which she cites authorities to the effect that an appeal or other proceeding by a party who absents himself and refuses to submit to the order of the court will not be heard. The defendant has paid no alimony or counsel fee and it is said he remains without the State evading service of the order. This, however, will not prevent his being heard on appeal from an order which he contests as unfounded.

The action is one for absolute divorce brought by the plaintiff against the defendant, and was instituted by the service of a summons and complaint on the 21st day of August, 1922. On October 25, 1922, the plaintiff made a motion returnable at Special Term asking for counsel fee. This motion was denied by the justice presiding and an order made and filed November 13, 1922, from which no appeal was taken. For a period of over two years plaintiff made no further move in connection with this action, but was content to receive money under a separation agreement which was entered into between the parties on the 24th day of June, 1921. This separation agreement provided for the payment of $375 per month, and contained provisions that no application for alimony and counsel fee should be made in any further action, and further that the defendant shall have the right to have full access and communication at all times with a child of the parties. On or about the 1st day of December, 1924, the defendant failed and refused to pay the installment of $375 due under the terms of the separation agreement, claiming that there had been a breach of the said agreement on the part of the plaintiff, in that the said plaintiff had refused to permit the defendant to see their child. Immediately thereafter, and on or about the 5th day of December, 1924, the plaintiff brought an action against the defendant in the Municipal Court to recover the sum of $375 due under the terms of the separation agreement for the month of December, 1924. The defendant interposed an answer and issue was joined. Without noticing the case for trial in the Municipal Court, the plaintiff made a motion for alimony and counsel fee in the action which had then been pending for about two and one-half years. Four of the affidavits submitted in support of this motion were nothing more than copies of the affidavits submitted two and one-half years previously to the court which heard the prior application. On the return of this motion for alimony and counsel fee the learned justice at Special Term referred the matter to a referee, " to take proof as to all matters relating to the separation agreement * * * including the alleged breach thereof by either party, and also to take proof as to the financial standing and ability of the defendant to pay alimony and counsel fee to this plaintiff * * *. and to report all testimony together with his opinion thereon to this court."

In that testimony it appeared that for a period of nine years or more the defendant was employed by one Portfolio & Co. as salesman, and that his income then was as high as $20,000, but that in November, 1924, the said Portfolio & Co. retired from business and the defendant, after attempting to get positions with

several other firms, was compelled to accept a position at $100 per week; that the said $100 per week constituted his entire source of income, and that he had no other means or resources. The testimony as to his present salary was corroborated by an officer and the books of his present employer. The plaintiff offered no evidence as to the financial condition of the defendant, and the referee submitted his report, in which he found that the defendant breached the separation agreement, and that as to the defendant's financial standing, the income of the defendant is $100 per week, from which he pays $25 per week for his board and lodging and contributes $12.50 per week toward the support of his aged mother.

On this report of the referee, without any further evidence in the matter, the court at Special Term entered an order directing the defendant to pay alimony at the rate of $375 a month, counsel fee of $500 and costs and disbursements of the motion.

The court at Special Term must have adopted either the premise that the separation agreement was still in force or the premise that it was no longer existing. The appellant contends that in either event the court should not have granted alimony and counsel fee. Upon the theory that the court ignored the referee's report, and held that the separation agreement was a valid existing agreement between the parties, there could be no provisions for alimony and counsel fee.

This was held in the case of *Cain* v. *Cain* (188 App. Div. 780), where the provision for alimony was struck out of a judgment for divorce by the Appellate Division because a separation agreement providing for alimony was still in force. The court said:

" A contract was entered into by the parties after they had separated and before the action was brought, which provides for * * * support and maintenance, and it is contended that this precludes making any other or further provision therefor by judgment. * * *

" I do not see how the alimony provision for the wife can be sustained. Such a contract is binding upon both parties, unless set aside or impeached, and that is so, though the marital relations between the parties are terminated by divorce (*Galusha* v. *Galusha*, 116 N. Y. 635; *Greenfield* v. *Greenfield*, 161 App. Div. 573; *Benesch* v. *Benesch*, 182 id. 221) and is not in violation of the Domestic Relations Law (Consol. Laws, chap. 14 [Laws of 1909, chap. 19], § 51). (*Winter* v. *Winter*, 191 N. Y. 462.)"

The judgment there was modified by striking out the provision for alimony for the support of the wife.

The doctrine of *Galusha* v. *Galusha* was reaffirmed as recently

as July, 1923, by the Appellate Division of the Second Department in *Butler* v. *Butler* (206 App. Div. 214).

Upon the theory that the court found the separation agreement in question had been breached by the defendant and was no longer binding, there could be no award of alimony and counsel fee, because the action on the part of the plaintiff in bringing suit thereon waived whatever breach there had been on the part of the defendant.

A breach of the separation agreement occurred when the defendant failed to pay the installment of alimony for the month of December, 1924, which became due on the first day of that month. On or about December 5, 1924, the plaintiff commenced an action in the Municipal Court to recover $375 and interest pursuant to the terms of the separation agreement. By so doing the plaintiff elected to affirm the contract and lost the right to disaffirm until a new breach occurred on the part of the defendant.

" Where a party takes legal steps to enforce a contract, this is a conclusive election not to rescind on account of anything then known to him." (*Conrow* v. *Little*, 115 N. Y. 387.)

A new breach by the defendant could not have occurred until January 1, 1925, when the next installment was due. But on December 31, 1924, plaintiff obtained and served upon the attorney for the defendant an order to show cause why alimony and counsel fee should not be directed to be paid. Thus, although plaintiff had waived her right to disaffirm because of defendant's breach and no new breach had yet occurred, plaintiff reversed her position and herself repudiated the agreement by asking the court for an award of alimony and counsel fee, which she could not do at law so long as the agreement of separation was in force, unrepudiated by the parties and not specifically set aside by the court, and which, under the very terms of the agreement, she could not ask for so long as the agreement was in force.

The order here was based upon a motion made by the plaintiff at a time when the plaintiff could point to no breach that she had not waived, and when because of her election to sue on the contract she had waived her right to ask for alimony. Therefore, no order for alimony and counsel fee based upon a motion made at that time could have been made.

Under the doctrine of *Galusha* v. *Galusha* (*supra*) and the other decisions following its announcement, no alimony or counsel fee could be granted to the plaintiff by order of the court while the separation agreement is still in force. If that doctrine were not applied in the present case the defendant would be subjected to a double liability.

In *Butler* v. *Butler* (206 App. Div. 214) the court held that notwithstanding a motion for alimony and counsel fee had been made and granted, a separation agreement executed prior thereto still survived, and JAYCOX, J., writing the opinion of the court (at p. 215) said: " The trouble with the appellant's position, as I view it, is that the defendant in the prior action did not have a choice of remedies. I think she had a remedy only upon the agreement upon which she now sues. Her application to the court was erroneous."

The facts here are identical, and the only remedy the plaintiff had at the time of her application was on the separation agreement.

In *Cain* v. *Cain* (*supra*) the court held that a separation agreement was good after a divorce. The same was held in *Van Ness* v. *Ransom* (164 App. Div. 483; affd. *sub nom. Parsons* v. *Macfarlane*, 220 N. Y. 605). Under these rulings there is no question that the defendant would be subject to double liability if this order were allowed to stand.

We think that the plaintiff had no right to the order here and that the order should be reversed and the motion denied.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed and motion denied.