ROSE B. HIRSCHTHAL, Plaintiff, *v.* HARRY HIRSCHTHAL, Defendant.

City Court of New York, New York County, April 16, 1929.

*Diamond, Abraham & Strauss,* for the plaintiff.

*Silverman & Mann,* for the defendant.

RYAN, J. This action is brought to recover installments from November 5, 1927, to February 6, 1928, due plaintiff under a separation agreement. The defendant set up that prior to the due date of the first installment sued for the plaintiff brought an action for divorce, and that thereby, he contends, she repudiated said separation agreement. It appears, however, that the final decree awarding permanent alimony was entered after the due date of the last installment herein sued for and that no temporary alimony was asked for or granted. Under these circumstances the plaintiff did not as a matter of law repudiate the separation agreement. In *Randolph* v. *Field* (165 App. Div. 279, 283) the court said: " An action simply for a separation may not of itself be such a breach of the separation agreement as to show an intent on the part of the plaintiff to repudiate it. But such intent is here clearly shown because the purpose of the action, at least in part, is to obtain a provision for her support, which is destructive of the agreement making such provision." In *Ascher* v. *Ascher* (213 App. Div. 183) the wife, prior to the motion for alimony and counsel fee, had commenced an action on the separation agreement and had prosecuted the same. The court there held that having elected to confirm the contract for her maintenance the same was in force and during its existence she may not be awarded alimony and counsel fee. Again, in *Newport* v. *Newport* (131 Misc. 851) the court held that a separation action in which the wife asked for and obtained temporary alimony amounted to a repudiation of the agreement and an election to rescind the same. The rationale of the cases seems to be that some provision must be had for the maintenance of the wife, either by the award of alimony or by the provisions of the agreement, and that the husband should not be placed under double liability. The conclusion is, therefore, reached that where the wife, as here, did not ask for and obtain alimony, the terms of the separation agreement continue in force. There is no triable issue presented. Motion granted. Summary judgment ordered for the plaintiff for the relief prayed for in the complaint. Order signed.