MARGARET A. WOODS, Appellant, *v.* NICHOLAS T. BARD, Respondent.

Argued January 7, 1941; decided March 6, 1941

*Louis O. Bergh* and *Everett W. Kramer* for appellant.

*Stephen R. J. Roach* for respondent.

LOUGHRAN, J. Nicholas T. Bard was married to Margaret A. Woods in January, 1933. In August, 1934,

they entered into a valid separation agreement whereby he undertook to pay to her " for her support and maintenance * * * the sum of Fifty Dollars a month so long as she shall live or until her remarriage." In September, 1934, she brought suit against him in the State of Nevada for a divorce. When he had made a general appearance in that suit, she was granted therein a judgment of divorce which gave her permission to resume her maiden name and " approved and confirmed " their precedent separation agreement.

Despite all this, Mr. Bard on April 8, 1939, commenced in the New York Supreme Court an action to annul his marriage to Margaret A. Woods. Payments due to her under their aforesaid separation agreement were then behind hand in in the sum of $187.50. He was directed by the court to pay to her alimony *pendente lite* of fifty dollars per month " in lieu of payments under the aforesaid separation agreement * * * but without prejudice to the said separation agreement." When he was faced with contempt process for complete disobedience of that order, Mr. Bard in January, 1940, paid all such accrued alimony in the sum of $450, and was then permitted to discontinue his apparently groundless action against Margaret A. Woods for annulment of their marriage.

She thereupon commenced this present action against him to recover (1) the sum of $187.50 which admittedly was owing to her under their separation agreement when he commenced his action to annul their marriage; and (2) an installment of fifty dollars which (on the face of the agreement) had become due after his discontinuance of the annulment action.

He moved for dismissal of her present complaint in so far as she sought recovery of more than $187.50. She moved for judgment for the full sum of $237.50 demanded by her. His motion was denied. She was granted a partial summary judgment for $187.50. The Special Term said: " Ordinarily the plaintiff's application for alimony in the annulment action would operate as a repudiation and

rescission of the separation agreement, and may have had that effect in this case. It appears * * *, however, that she at least attempted to stand on the separation agreement and to preserve her rights thereunder while demanding temporary relief in accordance with its terms by way of a court order in the action. Whether her conduct was, in fact, a repudiation and operated to rescind the agreement, in my opinion, presents an issue of fact * * *."

On cross-appeals by the parties to the Appellate Division, the order of Special Term was so modified that it now provides: " Ordered, that defendant's motion for partial summary judgment be and the same is hereby granted, and the complaint, save as to the sum of $187.50 for which summary judgment is granted to plaintiff, is dismissed." The correctness of this modification of the order of Special Term is challenged by the plaintiff on this appeal by her to this court from the order of the Appellate Division.

The Appellate Division said: " The non-payment by defendant of the installments due under the separation agreement and his commencement of an action for annulment afforded the plaintiff an election to treat the contract as remaining in existence or as having been abandoned. (Cases cited.) By virtue of the application for temporary alimony, the procurement of an order directing the payment of same, and the enforcement of statutory remedies for collection thereof, the plaintiff made her election. Her rights under the contract and to alimony could not both co-exist. (Cases cited.) While the order granting alimony provided that it was ' without prejudice to the said separation agreement,' this provision, in the light of the election to seek alimony, must be deemed to relate to the right of plaintiff to recover installments which had theretofore accrued." (259 App. Div. 1093.) This conclusion was reached by the Appellate Division as matter of law. In our judgment, the record did not warrant a summary disposition of the issue in that degree.

When a husband is in default on his obligation to support his wife in accordance with an agreement under which they

are living apart, it may be that the wife must at times make an election of remedies. She can then perhaps in some circumstances be made to choose whether she will stand upon the husband's contract obligation to support her or upon his marital obligation to do so in the manner defined by law. (*Sockman* v. *Sockman*, 252 App. Div. 914). At all events, failure of the husband to support the wife can in that case be made by her a basis for rescission of their separation agreement. (See *Randolph* v. *Field*, 165 App. Div. 279; *Ryskind* v. *Ryskind*, 230 App. Div. 481. Cf. *Braunworth* v. *Braunworth*, 285 N. Y. 151, decided herewith.) The Appellate Division was of opinion that in the present case the plaintiff was inevitably to be taken to have adopted such a course against the defendant, with the consequence that she had thus terminated the separation agrement to which she would now hold him. We cannot agree to this hard interpretation of the equivocal affidavits which constitute the gist of the record.

In the action brought by the defendant to annul his marriage to the plaintiff, she was not entitled to alimony in the character of alimony, seeing that their marriage had theretofore been dissolved by the decree of divorce which she had secured in the State of Nevada. Nor did the plaintiff (as defendant in the annulment action) unmistakably demand alimony simply as such. Instead her application in the annulment action was that she be awarded alimony without prejudice to her rights under the separation agreement of August, 1934. The conformable direction of the court was that she have temporary alimony " in lieu of payments under the aforesaid separation agreement * * * but without prejudice to the said separation agreement." Whether such an order should have been made is not the question now. (Cf. *Butler* v. *Butler*, 206 App. Div. 214). The question now is whether the plaintiff's acceptance from the defendant of alimony so awarded was in fact an election by her to rescind their separation agreement. We agree with the Special Term that this issue was not to be decided without a trial.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs to the appellant in this court and in the Appellate Division.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.