JOSEPH C. MITCHELL, Plaintiff, v. THE CITY OF NEW YORK, Defendant.*

Supreme Court, Special Term, New York County, February 27, 1942.

*I. Schwartz*, for the plaintiff.

*William C. Chanler, Corporation Counsel*, for the defendant.

EDER, J. This is an application by the plaintiff for an order to examine before trial two employees of the defendant, namely, a porter employed in the subway system, designated by name and number, and the station master in charge of one of its subway stations, where the accident in question occurred. Chapter 921 of the Laws of 1941, in effect May 1, 1941, added a *new* section to the Civil Practice Act, *i. e.*, section 292-a, entitled " Order for taking testimony of municipal corporation in certain cases," and reads as follows: " Where a cause of action is asserted against a municipal corporation arising out of the ownership, operation or maintenance of a public utility by such municipal corporation or by such municipal corporation's transferor or assignor, the court may, in its discretion, upon motion made upon notice, order that the testimony of one or more of the officers or employees of such municipal corporation, which is material and necessary, be taken by deposition. *Any such examination granted in a negligence action shall not be limited so as to prevent or restrict the inquiry concerning the facts of negligence, liability or damages.*" (Italics mine.)

The defendant contends that the examination which the plaintiff seeks is rather general in character and cites *Shaw* v. *Samley Realty Co., Inc.* (201 App. Div. 433), to the effect that a general examination should not ordinarily be exercised in negligence cases. It seems to me that this special enactment, with respect to ownership, maintenance or operation of a public utility by a municipal

, * Affd., 264 App. Div. 753.

corporation, contemplates, in this class of cases, a larger scope of examination, indicated by the phrase " shall not be limited " in such a negligence action " so as to prevent or restrict " the inquiry " concerning the facts of negligence, liability or damages." In view of this I am of the opinion that plaintiff 'is entitled to an examination before trial to the extent desired. If it was the intention of the Legislature that previously existing limitations should continue, other than to authorize the examination before trial of a municipal corporation, then the statute needs clarification which I think should come by way of legislative amendment. In *Ward* v. *Iroquois Gas Corp.* (258 N. Y. 124, 129) the court declared: " Courts must take the act as they find it and construe it according to the plain meaning of the language employed. If the section is to be given a wider effect, it must be by an act of the Legislature."

Motion granted. Settle order.