C. Malcolm Dowsey, Plaintiff, *v.* Yvonne C. Dowsey, Defendant.

Supreme Court, Nassau County, July 17, 1943.

*William J. Wilson* for defendant.

*C. Malcolm Dowsey,* plaintiff, in person.

Cuff, J. Motion by defendant wife for counsel fee for her attorney. The action is brought by defendant's former husband in equity for a declaratory judgment. The plaintiff husband was granted a divorce against defendant (his then wife) on December 2, 1939, in the State of Nevada without, according to New York decisions, having obtained personal service of the summons on defendant in a proceeding in which the wife failed to appear. The complaint alleges that because of duress the husband thereafter entered into an agreement with his former wife (defendant herein) which included his submitting to her bringing a divorce action against him in New York on the grounds of adultery. (This part of the agreement was oral [see Exhibit B, annexed to complaint]. The corespondent was to be the woman he married following the Nevada decree, with whom he was then openly living as a married couple.) That arrangement was adhered to and a final decree of divorce against plaintiff herein was entered July 12, 1940. The husband defaulted in that proceeding. In view of the recent United States Supreme Court decision (*Williams* v. *North Carolina,* 317 U. S. 287), the husband in this action is contending that his Nevada divorce was in all respects and still is valid; that because it was and is valid the New York divorce obtained by his wife was and still is invalid. His complaint demands the relief that this court declare (a) the New York divorce void; (b) the agreement (Exhibit B) void, and (c) the Nevada divorce in force and binding. Plaintiff objects to granting counsel fee because this is not the kind of action cited in section 1170 of the Civil Practice Act. The statute introduces the subject of alimony and counsel fee with the clause " Where an action for divorce or separation is brought by either husband or wife, * * *." It is true that the pending action is neither divorce nor separation. The words " divorce " and " separation " may not be accorded their restrictive technical meaning and do justice to the spirit of the enactment. The theory of the legislation was that the State sought to provide the means with which

a wife might defend her honor, status, home, et cetera, because in many instances wives did not devote themselves to accumulating funds and were without resources. Unless the husband supplied the funds ordinarily she would have to default. The case at bar affects the status of defendant the same as if she were named as defendant in a divorce action. The statute was intended to cover such a state of facts. The motion is granted. Counsel fee for the trial and all preliminary applications is fixed at $200, payable $50 on the first day of each month, commencing August 1, 1943. If the trial is reached before the full $200 is paid, the balance will be payable on the day of trial. Order on notice.