BESSIE TAFFEL, Plaintiff, v. MURRAY W. TAFFEL, Defendant.

Supreme Court, Special Term, Kings County, July 30, 1943.

*Bachrach, Bachrach & Bisgyer* for plaintiff.
*C. Rothenberg* for defendant.

WALSH, J. The existence of the decree of divorce rendered to the husband in the State of Florida effectually bars the granting at this time of plaintiff wife's motion in this separation action for temporary alimony and counsel fee. (*Williams v. North Carolina,* 317 U. S. 287.) That decree, reciting jurisdiction and dissolving the marriage, must be given full faith and credit unless and until vacated by direct application therein, or until successfully attacked collaterally for fraud in its procurement. It cannot be so attacked or questioned summarily on motion.

A further ground, precluding the granting of the motion at this time, is the alleged existence of a separation agreement between the parties. If such an agreement was in fact entered into, it would continue after the divorce, in the absence of the voluntary act of the parties terminating it, or a breach thereof by one and acceptance of such repudiation or breach by the other. (*Galusha* v. *Galusha,* 116 N. Y. 635; *Ascher* v. *Ascher,* 213 App. Div. 183; *Grissler* v. *Grissler,* 209 App. Div. 480; *Cain* v. *Cain,* 188 App. Div. 780.) It is true that plaintiff challenges the authenticity of the agreement submitted by defendant, or that she knowingly signed same, but that presents a question of fact which should await the outcome of a trial. Defendant contends, and plaintiff admits, that he has been paying to plaintiff the sum of twenty-five dollars per week, which would be the approximate amount due the plaintiff under the fifth paragraph of the separation agreement.

Also, in view of the copies of the letters submitted by defendant, plaintiff's probability of success is questionable.

The opposing affidavits present the usual picture of recrimination, and it is difficult to arrive at the truth, even were the merits of the separation action alone involved, uncomplicated by the other defenses alluded to. Instead of the familiar triangle, there is here, as indicated, a rectangle or quadrangle, or possibly (in view of the fact that the wife's alleged friend is married) a pentagon.

Motion for alimony and counsel fee is denied, without prejudice, however, to an application to the trial court which will be in position to resolve these matters.