SNOWDEN E. LEA, Plaintiff, v. SARAH A. LEA, Defendant.
Supreme Court, Special Term, New York County, April 11, 1944.

*Dannenberg & Hazen* for defendant.

*Benjamin Shedler* for plaintiff.

EDER, J. The plaintiff obtained a divorce in the State of Indiana and he brings this action for a declaratory judgment seeking a decree of this court that the said Indiana decree of divorce is valid and of absolute force and effect in this State; that the defendant is not his lawful wife and that there is no legal obligation on his part to support her. The defendant has filed an answer challenging the validity of the Indiana decree. She alleges that she and the plaintiff were married in this State in 1911. She denies that the plaintiff became a bona fide resident of Indiana and established a bona fide domicile therein and she also denies that she was duly served with process in said action. She alleges further that she has at all times denied the validity of the alleged divorce decree and that she has at all times been and still is a resident of the State of New York.

The Indiana decree appears to have been rendered upon constructive service of process upon the defendant and the plaintiff's position appears to be that the only defense to this action to prevent the Indiana decree from being recognized in this State pursuant to *Williams* v. *North Carolina* (317 U. S. 287) is that plaintiff was not a bona fide resident of Indiana when he obtained the decree of divorce.

The defendant seeks a counsel fee from the plaintiff for the purpose of enabling her to obtain adequate legal protection to

properly defend this action. The plaintiff takes the position that the right to grant counsel fee is purely statutory, namely, section 1169 of the Civil Practice Act, and that there is no statutory authority to grant counsel fee in an action for a declaratory judgment.

Section 1169 (*supra*) confers upon the court the power to award a counsel fee in three types of action specifically enumerated therein, namely, where the action is for annulment of marriage, separation or divorce, and does not provide for the allowance of a counsel fee in any other type of action involving the marital status.

The defendant appears to recognize the force of this claim but endeavors to overcome it with the ruling in *Dowsey* v. *Dowsey* (181 Misc. 253), where in a similar action the court allowed the counsel fee. The plaintiff counters with the decision in *Taffel* v. *Taffel* (181 Misc. 259), where the court held that a foreign decree of divorce effectively bars the granting of a motion for temporary alimony and counsel fee. In that case the court held that until such decree was set aside it was binding and effective under the *Williams* case (*supra*) and since by such decree the marital status of the parties was dissolved, the wife could not seek alimony and counsel fee in such circumstances. As to the extent of the effect of the ruling in the *Williams* case, see *Ammermuller* v. *Ammermuller* (181 Misc. 98).

In *Taffel* v. *Taffel* (*supra*) the court did not in any manner allude to section 1169 of the Civil Practice Act, and so it cannot be considered as carrying any weight with respect to the power of the court to award a counsel fee by virtue of the provisions of this statute in such an action as this. On the other hand, in the *Dowsey* case (*supra*) the court expressly considered the power of the court, by virtue of the statute, to award the wife a counsel fee in an action of this nature and there held that the court was authorized to grant it.

The theory and reasoning of the learned Judge was that the statute authorized the allowance of a counsel fee to the wife where the action was one for divorce or separation and that the State sought to provide her with means with which she might defend herself in any action involving the marital status.

The learned Justice recognized the importance and force of the noninclusion in the statute of any provision for the allowance of a counsel fee in an action brought for a declaratory judgment involving the marital status but sought to include it upon the theory that such an action affects the status of the

wife the same as if she were named as defendant in a divorce action and that the statute was intended to cover such a state of facts.

My first reaction was to coincide with this view and conclusion but after further study and reflection I find myself constrained to entertain an opposite view.

In *Johnson* v. *Johnson* (206 N. Y. 561) the court laid down the rule in unequivocal terms that the jurisdiction which the court possesses to award alimony and counsel fee in a marital action is that conferred upon it by the statute to like effect (see *Doncourt* v. *Doncourt*, 245 App. Div. 91, affd. 275 N. Y. 470).

As the Legislature was careful to specify with particularity each type of action embraced in the statute, it was held to operate as an exclusion of any other type. As a consequence, prior to the 1940 amendment to section 1169 of the Civil Practice Act, it was held that in an action brought for annulment of marriage no counsel fee could be awarded. In such a suit the marital status was as much involved as in the case of an action for separation or absolute divorce, and it would seem that, since it was held that in such an action a counsel fee could not be awarded, the same rule is applicable to an action involving a declaratory judgment with respect to a marital status. If in the one case an award of counsel fee was denied because the statute did not include it, the same principle must govern in every other instance of a suit involving a marital status which is not embraced in the terms of the statute.

That the court lacked the power to make such an award in a marital action other than that specifically provided for by section 1169 was fully appreciated and was given careful attention and study by the Law Revision Commission. The injustice in denying a wife counsel fee in an action for annulment of marriage where it was authorized in a suit for divorce or separation was apparent, since by the enactment of section 1169, the legislative intent was to enable the wife in a matrimonial action to obtain legal protection by compelling the husband to furnish her with funds therefor and precisely the same need for legal protection was present in an action for annulment of marriage. The Commission sought to solve this injustice and inequity by amending section 1169 to include as well an action for annulment of marriage and to that end recommended such remedial legislation. (1940 Report, Law Revision Commission, p. 237 *et seq.*) The recommendation was accepted and section 1169 was amended to include therein an action for annulment of marriage so that the court was empowered to

award a counsel fee in such an action in addition to the power possessed by it to award a counsel fee in an action for divorce or separation. (L. 1940, ch. 226.)

In the situation under consideration, it is my opinion that the court is without power, in such an action as this, to award a counsel fee and that the remedy lies with the Legislature by amending section 1169 to include an action of this type or to provide generally that in any action involving the marital status that the court shall have power to award a counsel fee.

Where a statute is clear and unambiguous in its terms the duty of the court is to construe and enforce the law as written, and for any inadequacy that appears, or contingency which was not contemplated or provided for, the sole remedy is to seek relief by legislative action. (*Mitchell* v. *City of New York,* 178 Misc. 212, affd. 264 App. Div. 753.)

For the foregoing reasons the court is constrained to deny the application.

Settle order.