MATILDA KRAUNZ, Plaintiff, *v.* IRVING KRAUNZ, Defendant.

Supreme Court, Special Term, Queens County, October 17, 1944.

*Abraham J. Halprin* for plaintiff.

*Henry Margoshes* for defendant.

HOOLEY, J. This is an action brought by the plaintiff wife against the defendant husband to obtain a declaratory judgment that (1) a purported judgment of divorce, dated January 6, 1944, obtained by the husband against the wife in the State of Nevada is null and void, (2) that the final judgment of separation, dated December 15, 1941, and the maintenance provisions therein, which judgment was obtained by the wife against the husband, is in full force and effect, (3) that the plaintiff and defendant are still husband and wife, and (4) that the wife be awarded a reasonable sum for counsel fees and expenses in connection with this action for a declaratory judgment.

The evidence shows that after the final judgment of separation in plaintiff's favor and on or about October 10, 1943, the defendant went to Franktown, Nevada. He claims that he went there for a vacation. On December 6, 1943, he instituted an action there for an absolute divorce. The plaintiff wife, the defendant in the Nevada divorce action, was served in the State of New York, pursuant to an order of publication, and did not answer or appear in that action. On January 6, 1944, the decree of divorce was granted in Nevada. On January 25, 1944, the defendant returned to the State of New York and has been continuously present in New York ever since, living here and attending to his business here.

Upon all the evidence in the case, the court finds that the defendant never acquired a bona fide domicile in the State of Nevada and that he went there merely for the purpose of attempting to circumvent the final judgment of separation granted against him in the State of New York. It follows that the divorce decree rendered in the State of Nevada is null and void.

There remains the question as to whether or not in an action for a declaratory judgment and under the circumstances here presented, the court has the power and should award counsel fees. The defendant maintains that this is not the kind of an action where counsel fees are allowed by statute and that they therefore may not be awarded.

An examination of the history of the legislation, the applicable statutes, and the cases clearly demonstrate that alimony and counsel fees are allowable to a wife in a matrimonial action to enable her to live pending the action and to guard and protect her rights as a wife. In *Higgins* v. *Sharp* (164 N. Y. 4) the

court recognized this principle. The action there was for an annulment of the marriage. The defendant wife was awarded counsel fees. This was prior to the time that the statute had been amended to permit the granting of counsel fees in an action to annul a marriage. In that case the court held that as an incident to its jurisdiction to entertain the action of annulment, the court had power to grant counsel fees although the provisions of the Code of Civil Procedure referred to counsel fees in actions for divorce and separation only, and omitted to name actions for annulment in that respect. The court noted that the action was one in which the woman was defending her rights as plaintiff's wife.

In *Gibson* v. *Gibson* (179 Misc. 661, affd. 266 App. Div. 975) the application for counsel fees was made by the wife in the original separation action when she was made a defendant in an action for a declaratory judgment. The reasoning of Mr. Justice RUBENSTEIN at Special Term was to the effect that the court had jurisdiction to grant the allowance in the separation action in Queens County to defend the very existence of the judgment for separation, notwithstanding the fact that the attack upon said judgment was being made in the declaratory judgment action in New York County. The Appellate Division in affirming the decision last cited said with reference to the award of counsel fees in the separation action: " The relief herein granted is in addition to and is not inconsistent with plaintiff's right to apply for similar relief in the New York County action. (*Higgins* v. *Sharp,* 164 N. Y. 4.) "

This is significant language and is a clear recognition of the right of the court to award counsel fees in an action for a declaratory judgment when by its nature such action is in effect a matrimonial action. It is a matrimonial action if it seeks a determination of the marital status of the parties and is brought or defended in an endeavor to sustain or prevent the destruction of such marital status.

In *Dowsey* v. *Dowsey* (181 Misc. 253) the husband, relying on *Williams* v. *North Carolina* (317 U. S. 287) brought an action in New York State for a declaratory judgment seeking to sustain the divorce decree that the husband had obtained in Nevada prior to the wife's divorce action in New York and to have the New York divorce declared void. Mr. Justice CUFF granted counsel fees to the wife in the declaratory judgment action holding that the status of the wife was as much affected as if she were a defendant in a divorce action.

In *Lea* v. *Lea* (182 Misc. 396) relied on by the defendant, the court evidently did not have before it the decision in *Higgins*

v. *Sharp* (164 N. Y. 4, *supra*). The reasoning in the *Lea* case appears to have been based upon the assumption that the courts could not award counsel fees in an action to annul a marriage because the statute was silent with respect thereto, and that therefore it could not award counsel fees in an action for a declaratory judgment.

Where a declaratory judgment is sought as a result of the obtaining of a foreign decree by the husband, the court sees no distinction between a situation in which the wife is the defendant and one in which she is the plaintiff. In either case she is defending the marital status just as much as if she were a defendant in a matrimonial action wherein counsel fees are specifically allowed. The husband seeks to destroy the marital status here when he leaves this jurisdiction and obtains the foreign decree. Armed with such decree, he triumphantly returns to New York claiming a new matrimonial status which has been given the color of right by the decision in *Williams* v. *North Carolina* (*supra*). The litigation in New York is thus made necessary by the husband's act. The flood of declaratory judgment actions since the decision in *Williams* v. *North Carolina* (*supra*) seeking either to vitiate or sustain decrees of our courts in matrimonial actions, clearly demonstrates the need for the protection of the wife by the award of counsel fees in a proper case. This court, as an incident to its jurisdiction to entertain this action to defend her marital status, will allow plaintiff a counsel fee.

The declaratory judgment as prayed for in the complaint is awarded to the plaintiff; $600 is awarded to plaintiff for counsel fees and expenses. Costs and disbursements are also awarded to plaintiff.

Settle findings and judgment on notice.