Per Curiam.

Where husband and wife have by an agreement lawful in form and apparently valid fixed a reasonable sum for support, the courts will treat their agreement, so long as it remains unrevoked, as the proper measure of compensation. (Jackson v. Jackson, 290 N. Y. 512, 516; Goldman v. Goldman, 282 N. Y. 296, 303; Ascher v. Ascher, 213 App. Div. 183; Rosenblatt v. Rosenblatt, 209 App. Div. 373; Matter of Warren, 207 App. Div. 793.) This rule might not apply where the agreement is to pay a lump sum to the wife in return for a release of the husband from all future liability for the wife’s support (Jackson v. Jackson, supra, pp. 516-517).
In this case there is in existence a subsisting separation agreement made in 1932, supplemented by an additional writing made in November, 1942. This provides for regular and periodic payments to the wife in recognition of the husband’s continuing obligation to support. The separation agreement has not been breached. Though proof upon a trial in this action to set aside the agreement and for a judgment of sepa *677 ration may establish that the amount agreed upon is wholly inadequate and that the separation agreement should for sufficient reasons be set aside, we think that alimony in excess of the amount agreed upon should not be granted pendente lite. (Ascher v. Ascher, supra; Rosenblatt v. Rosenblatt, supra, p. 374; Davis v. Davis, 195 App. Div. 430, 431-432.) If and when the agreement is struck down upon a trial, the court upon granting a judgment of separation will then be in a position to fix a sum that is reasonable and adequate in view of the circumstances of husband and wife. The trial of this action should be had without further delay.
The order should be modified by eliminating the provision for alimony pendente lite and in all other respects affirmed, without costs.
Peck, P. J., Glennon, Cohn and Callahan, JJ., concur; Dore, J., concurs in result.
Order unanimously modified by eliminating the provision for alimony pendente lite and as so modified affirmed, without costs. Settle order on notice.