Matthew M. Levy, J.
In this action for a separation, plaintiff wife alleges in her complaint (among other things upon which a cause of action therefor might be based) that a separation agreement was entered into between the parties and that she has abided by the agreement, but that defendant husband has not met the weekly payments therein specified. She demands a judgment of separation and that defendant be compelled to provide for her and the children of the parties “ according to the terms and covenants of the separation agreement hereto annexed ”. Plaintiff now seeks relief pendente lite, usually applied for in a separation suit.
The point was not made by defendant (the answer has not been submitted and perhaps not yet interposed) but I must hold that, since there is a subsisting separation agreement, valid on its face and not rescinded by the wife, it stands as a bar to the separation action. Until the agreement is set aside or revoked by plaintiff because of defendant’s breach, plaintiff is precluded from obtaining temporary relief in the action (see Galusha v. Galusha, 116 N. Y. 635; Galusha v. Galusha, 138 N. Y. 272, 283; Goldman v. Goldman, 282 N. Y. 296, 300-302; Borax v. Borax, 3 A D 2d 404, affd. 4 N Y 2d 113; cf. Yunis v. Yunis, 286 App. Div. 1126).