Morris E. Spector, J.
Plaintiff brings an action to recover judgment on three causes of action for moneys received from September 1, 1952 through November, 1952.
This is a motion made by defendant for summary judgment dismissing the complaint and vacating plaintiff’s notice for examination before trial.
Plaintiff and defendant were married in 1947 and now have three infant children. In 1951 plaintiff separated from her husband and they were reconciled after a few months. In March, 1953 there was another separation and an action was instituted. In May, 1953 there was another reconciliation and the' action was discontinued. In February, 1956 there was a third separation and another action commenced. On September 20, 1956 the parties entered into a separation agreement and the action was discontinued. Accompanying suit for separation were joined causes for money received identically as is claimed in this action.
This separation agreement, inter alia, provides for the payment of $95 a week alimony and support for the children.
The plaintiff to retain all household furniture and personal effects.
*1092 The defendant to retain all of his personal effects.
The respective bank accounts are deemed to be their individual property.
The parties renounce and waive statutory rights of election as surviving spouses and more particularly section 21 of said agreement, to wit: “21. Since in the action now pending,
various claims were made by the wife against the husband collateral to the separation agreement for monies which the wife claimed were due to her, the parties simultaneously herein have executed mutual general releases, releasing each from claims against the other”.
The wife did execute and deliver a release in writing, releasing defendant of and from any and all liability to plaintiff as regards any and all claims she might have against him. The three causes of action set forth in the complaint all accrued prior to the execution of said agreement and release and same was intended and did include the three causes of action now complained of.
The defendant lived up to the terms of said separation agreement until late in December when the parties effected a reconciliation either fully for all purposes or partially for a trial period. However on March 2, 1957 there was another separation. The defendant continued with the terms of the separation agreement, namely, he continued the $95 weekly support payments and the plaintiff accepted them. However, in November, 1957 defendant deducted $131.50 from said payments because a judgment of $263 was obtained against both plaintiff and defendant for merchandise bought in one of the department stores prior to entry of this separation agreement and defendant felt that plaintiff should pay one half of same. She refused and started two small claims actions in the Municipal Court against the defendant. In the action started November 25, 1957 the cause of action was: ‘ Balance due under separation
agreement 1957 — $100.” In the action started December 20, 1957, for $31.50, the cause of action was:
‘ ‘ Balance due under separation agreement dated Sept. 20, 1956.
“ $ 5.00 — balance due for week of Nov. 19, 1957
“ $26.50 — balance due for week of Nov. 26, 1957”.
Plaintiff recovered judgment in the first action and defendant paid both claims and has continued to the present time to pay $95 weekly in accordance with separation agreement.
The defendant now claims that the last reconciliation did not wipe out or vitiate the releases entered into at time of separation agreement and that the agreement as far as the executed *1093 portions thereof are concerned cannot be revived by the reconciliation and therefore the complaint should be dismissed. And that both parties intended that the terms of the separation agreement should survive the aborted reconciliation in that defendant continued the payments according to the terms thereof and the plaintiff intended its continuance evidenced by her actions in bringing the Municipal Court proceedings and basing same upon the terms and conditions of the separation agreement of September 20, 1956.
The plaintiff opposes the granting of this motion for summary judgment dismissing the complaint upon the ground that there are triable issues.
1. An alleged conversation prior to the last reconciliation to the effect that defendant agreed to recognize her claims for moneys received as claimed in her three lawsuits (two discontinued and the present one).
2: "Whether this was an unconditional reconciliation or a trial reconciliation.
3. Whether parties intended to ratify the separation agreement after the final separation.
The defendant of course denies that there was any conversation prior to the last reconciliation relative to reviving claims of many years duration which he had consistently denied, as a condition of the reconciliation. To give credence to plaintiff’s assertion would be beyond credulity.
It is well settled, that an executed property settlement between a husband and wife made in conjunction with a separation agreement is not undone, in the absence of an actual intention so to do, by the termination of the separation agreement on resumption of the marital relationship. (Coccaro v. Coccaro, 283 App. Div. 969 [2d Dept.], affd. 308 N. Y. 708.) Whether there was an actual or trial reconciliation is not of great import in the case at bar, for it would be of no effect upon the executed property settlement between the parties, in the absence of showing that the parties actually intended to undo the property settlement. (Coccaro v. Coccaro, supra.) As to this, there must be a showing of facts sufficient to raise a genuine and triable issue. A bland statement in itself is insufficient.
The actions of the plaintiff subsequent to the final separation show that the plaintiff did not intend to abrogate this agreement. She continued to accept the $95 weekly payments and when she did not receive same, she instituted suit for the collection of same. Both Municipal Court actions are based upon this agreement. She got judgment as a result of this claim.
*1094 The plaintiff is estopped from seeking to disaffirm this separation agreement.
It is well settled that where a party to a contract has knowledge of facts which would entitled him to disaffirm the contract, and nevertheless brings an action to enforce the contract, or otherwise continues to accept the benefits of the contract, such party is barred and estopped from seeking a disaffirmance of the contract (Ascher v. Ascher, 213 App. Div. 183 [1st Dept.]). The Appellate Division held (p. 186):
“ Upon the theory that the court found the separation agreement in question had been breached by the defendant and was no longer binding, there could be no award of alimony and counsel fee, because the action on the part of the plaintiff in bringing suit thereon waived whatever breach there had been on the part of the defendant. A breach of the -separation agreement occurred when the defendant failed to pay the installment of alimony for the month of December, 1924, which became due on the first day of that month. On or about December 5, 1924, the plaintiff commenced an action in the Municipal Court to recover $375 and interest pursuant to the terms of the separation agreement. By so doing the plaintiff elected to affirm the contract and lost the right to disaffirm until a new breach occurred on the part of the defendant.
“ ‘Where a party takes legal steps to enforce a contract, this is a conclusive election not to rescind on account of anything then known to him.’ (Conrow v. Little, 115 N. Y. 387.) ” (Italics supplied.)
Thus by reason of plaintiff’s various acts affirming the continued subsistence and validity of the agreement, she is now barred and estopped as a matter of law from reversing her position and seeking to disaffirm that agreement.
The statements in plaintiff’s affidavit are not borne out by her own conduct and actions and thus fail to raise a real and triable issue.
Let summary judgment dismissing the complaint issue.
Settle order.