GLADYS BROCK, Plaintiff, *v.* HARRY BROCK, Defendant.

Supreme Court, Special Term, Kings County, June 25, 1962.

*Alfred F. Ritter* for plaintiff.  *Wolf & Burrell* for defendant.

LOUIS B. HELLER, J.  In this separation action plaintiff moves for an order directing the defendant to pay alimony *pendente lite* as well as a counsel fee.  Defendant cross-moves for an order dismissing the complaint on the ground that there is a valid and subsisting separation agreement entered into between the parties.

The agreement in addition to the various directives relating to support and maintenance grants the plaintiff wife the option, in the event of any breach thereof, to either bring an action for damages on the contract or bring an action for separation.  It is contended by the plaintiff that the defendant has defaulted in the payment of the support and maintenance provisions, and is presently in arrears in the sum of $7,000, and accordingly she has exercised her right under the agreement to institute this action for separation.

Defendant not only categorically denies this claim, but argues strenuously that he has paid the plaintiff more than the agreement provides for and under the circumstances plaintiff has no legal right to the relief sought.

For plaintiff to be successful in her present application it must clearly be established that the separation agreement is no longer in effect as it is well established that a *valid existing separation agreement* is a complete bar to the maintenance of an action for separation (*Borax* v. *Borax,* 4 N Y 2d 113; *Drane* v. *Drane,* 207 App. Div. 217).  Until such agreement is set aside, or a determination made by the court that the defendant has breached the agreement, alimony and counsel fees will not be allowed.  Such relief may not be had on conflicting affidavits but should be left to the trial court (*Brock* v. *Brock,* 1 A D 2d 967; *Sullivan* v. *Sullivan,* 285 App. Div. 967).

Accordingly plaintiff's motion at this time is denied without prejudice. Defendant's cross motion denied with leave to the defendant to serve his answer within 20 days after the service of the order to be entered hereon with notice of entry, interposing the basis of his cross motion as a defense if so advised. Settle order on notice.