Bernard S. Meyer, J.
On the present papers this motion for temporary alimony and counsel fees is granted to the extent of awarding counsel fee of $750, but otherwise denied. In 1962 the parties entered into a separation agreement, and plaintiff holds a judgment against defendant for arrears under that agreement. In this action she seeks a divorce, but neither expressly affirms nor expressly repudiates the separation agree *395 ment. Defendant, on the other hand, does not deny that, since the judgment for arrears, additional arrears have accumulated; rather he pleads inability to pay.
A valid and subsisting separation agreement making provision for support bars an action for separation (Borax v. Borax, 4 N Y 2d 113) and, therefore, the award of temporary alimony or counsel fees in a separation action (Brock v. Brock, 35 Misc 2d 124; Kaiser v. Kaiser, 12 Misc 2d 369). Such an agreement is, however, no bar to an action for divorce, and therefore, unless there is an express provision in the agreement that counsel fee will not be asked in any further action (Ascher v. Ascher, 213 App. Div. 183), counsel fee will be allowed, notwithstanding such an agreement, upon a showing of reasonable probability of success.
The separation agreement will, however, so long as it subsists and the wife is not in danger of becoming a public charge (McMains v. McMains, 15 N Y 2d 283), bar award of alimony, temporary or permanent, in a divorce action (Grissler v. Grissler, 209 App. Div. 480), because it constitutes an agreement between the parties as to the level of support to which the wife is entitled. Such an agreement continues as a bar until repudiated by both parties (Cavellier v. Cavellier, 4 A D 2d 600) or until breached by one and the acceptance of the breach by .the other (Taffel v. Taffel, 181 Misc. 259). Generally, when a husband concedes that he has not made the payments required by the agreement and the wife asks temporary alimony, there is a sufficient showing of breach and acceptance to warrant the grant of alimony, notwithstanding the agreement (Haas v. Haas, 185 Misc. 539, app. dsmd. 270 App. Div. 1038; Eisenberg v. Eisenberg, 59 N. Y. S. 2d 534). Where, however, the wife has brought suit for arrears and thus confirmed the contract, an award cannot be made until a new breach by the husband occurs, for otherwise the husband may be subjected to double liability (Ascher v. Ascher, supra). Plaintiff herein alleges a new breach which is not denied, and she, therefore, has the right to disaffirm. Were her action for ^.separation, the court might be justified in holding that the bringing of the action was a sufficient disaffirmance to protect defendant against any double liability, for the only purpose of such an action would be to obtain support different than provided in the agreement. Here, however, the action is for a divorce, and therefore has a separate purpose. In such a case, the husband is entitled, before any award of temporary alimony is made, to insist that the wife declare her position with respect to the agreement unequivocally *396 so that he will not be required to pay alimony and then later be met by an action on the agreement for arrears for the same period. Plaintiff’s request for temporary alimony is, therefore, denied, without prejudice to a further application therefor should plaintiff see fit expressly to disaffirm the agreement.