William R. Rot, J.
On this motion plaintiff seeks an order directing the defendant to pay to the plaintiff the sum of $1,000 as and for counsel fees pendente lite.
The motion is brought' in conjunction with a matrimonial action now pending in this court wherein the plaintiff seeks a divorce based upon a separation agreement executed on or about the 8th day of October, 1971, by the plaintiff and the defendant, and filed in the office of the Clerk of Onondaga County on the 21st day of October, 1971. No request for temporary alimony is made.
*406 The answer interposed on behalf of the defendant substantially admits the allegations contained in the complaint with the exception of paragraph 5, which states: ‘ ‘ Prior to said separation agreement and from the date of its execution plaintiff and defendant have lived separate and apart.”
In addition, defendant sets forth a defense that plaintiff has not substantially complied with all of the provisions of the separation agreement referred to above.
The separation agreement, dated October' 8, 1971, is attached to the moving papers and has been reviewed by this court. The pertinent provisions of this agreement are contained in paragraphs 4, 5, 13 and 14 thereof, which state:
“ 4. The wife makes no claim for support or maintenance from her husband and as far as is legally possible, she waives any claim she may have against him now or in the future for such support and maintenance.”
“ 5. * * * The wife agrees that she will not hereafter contract, or at any time in the future incur any debt, charge or liability whatsoever for which the husband, his legal representatives, or his estate, may become liable, other than as set forth in this agreement.”
“ 13. This agreement may be offered in evidence and incorporated by reference in any decree or judgment of divorce hereafter entered in any action between the parties in any jurisdiction, but the parties shall continue to be bound by all the terms of this agreement and this agreement shall not be merged in any decree or judgment which may be granted in any. action between the parties but shall survive the same and be forever binding on the parties.”
“ 14. The husband acknowledges that all the provisions of this Agreement have been explained to him by separate ^nd independent counsel * * * The wife acknowledges that all the provisions hereof have been explained to her by separate and independent counsel.”
It should be noted that counsel for the plaintiff in the pending matrimonial action was not counsel for the plaintiff at the time that the separation agreement was executed.
The only issue before this court is whether or not temporary counsel fees can be awarded in this case, pursuant to section 237 of the Domestic Relations Law.
Defendant contends that the separation agreement referred to above is a bar to the granting of temporary counsel fees and relies upon the cases of Riemer v. Riemer (31 A D 2d 482, affd. *407 31 N Y 2d 881); Marans v. Marans (27 A D 2d 735); Kulok v. Kulok (20 A D 2d 568).
Defendant also contends that plaintiff is not entitled to seek an action for divorce based upon a filed separation agreement and at the same time seek to repudiate that agreement by demanding counsel fees, citing Ascher v. Ascher (213 App. Div. 183).
We do not know as to whether or not the separation agreements referred to in the cases previously cited (with the exception of Ascher [supra]) contained any provision with reference to an application for counsel fees in any future matrimonial outcome.
There is no question that a valid and subsisting separation agreement making provision for support bars an action for separation and the award for temporary alimony or counsel fees. (Borax v. Borax, 4 N Y 2d 113; Brock v. Brock, 35 Misc 2d 124; Kaiser v. Kaiser, 12 Misc 2d 369.)
However, we are not now concerned with a matrimonial action seeking a separation decree but rather one seeking a divorce decree.
Justice Bernard S. Meter, in his opinion of Aronson v. Aronson (50 Misc 2d 394, 395) in my opinion quite properly stated the law when he said: ‘1 Such an agreement is, however, no bar to an action for divorc'e, and therefore, unless there is an express provision in the agreement that counsel fee will not be asked in any further action (Ascher v. Ascher, 213 App. Div. 183), counsel fee will be allowed, notwithstanding such an agreement, upon a showing of reasonable probability of success.”
In Riemer v. Riemer (31 A D 2d 482, 487, supra), one action was to set aside a separation agreement and the second action to award child support. “It is settled that an action to set aside a separation agreement is not a matrimonial action wherein the Supreme Court is authorized to award counsel fees (Johnson v. Johnson, 206 N. Y. 561).”
The request for child support is a predicate upon which the Supreme Court can and did award counsel fees in the Riemer case (supra), apart from any matrimonial action.
The relief sought in Kulok (supra) was a separation decree, not a divorce decree. The opinion in the Marans case (supra) does not state the relief sought in the matrimonial action but the opinion refers to an order of the Supreme Court dated April 29,1966, which predates the changes of section 170 of the Domestic Relations Law and this court feels it proper to assume that a separation decree was likewise being sought in that case.
*408 In the Ascher case the separation agreement provided, in addition to the payment of monthly support, a provision that no application for counsel fees should he made in any further action.
Paragraph 13 of the separation agreement with which we are concerned contemplates that one of the parties would seek a decree or judgment of divorce at some time subsequent to the execution of the agreement.
It should also be pointed out that the moving papers of both the plaintiff and her attorney set forth facts sufficient to show that she is financially unable to pay her attorney to prosecute this matrimonial action. No contrary information is supplied by the defendant.
The court may in its discretion order counsel fees to enable a wife to carry on a matrimonial action under the provisions of section 237 of the Domestic Relations Law. The separation agreement in this case makes no provision for the support of the wife and is silent as to the husband’s obligation to provide counsel fees in the event the wife institutes an action for divorce against him. The agreement could have provided that no counsel fees were to be provided to the wife in the event that an action for divorce was commenced by her and the court would be bound by the terms of that agreement.
Since there is no specific provision prohibiting the awarding of counsel fees to the wife, a showing of a reasonable probability of success, and financial need, the court, in its discretion, does award temporary counsel fees, pursuant to section 237 of the Domestic Relations Law, in the amount of $350.