Leslie R. Byrd, Esq. Formal Opinion General Counsel No. 95-F8 New York State Division of Housing and Community Renewal One Fordham Plaza Bronx, New York 10458
Dear Ms. Byrd:
You have requested a formal opinion from this office as to how the New York State Division of Housing and Community Renewal (DHCR) should interpret the Legislature's 1995 amendment to State Administrative Procedure Act (SAPA) Article 3. Specifically, you ask whether section 307's expanded indexing requirements will hereafter mandate the indexing of all written final determinations in which DHCR has provided affected parties with an "opportunity to be heard," or whether the scope of chapter 645 of the Laws of 1995 is limited to those determinations that arise out of a statute specifically providing affected parties with an opportunity to be heard. We understand you are concerned that, by implementing an unnecessarily expansive reading of chapter 645, DHCR will index several thousand more determinations annually than is actually required by amended SAPA § 307(3)(a), all at considerable cost to the agency.
We have concluded that unless an explicit statutory "opportunity to be heard" requirement is present, the new indexing requirements of section 307(3)(a) will not be triggered. As amended, section 307(3)(a) provides that
 Each agency shall maintain an index by name and subject of all written final decisions, determinations and orders emanating from adjudicatory proceedings. For purposes of this subdivision, such index shall also include by name and subject all written final decisions, determinations and orders rendered by the agency pursuant to a statute providing any party an opportunity to be heard, other than a rulemaking.Such index and the text of any such written final decision, determination or order shall be available for public inspection and copying. Each decision, determination and order shall be indexed within sixty days after having been rendered.
SAPA § 307(3)(a), as amended byL 1995, ch 645. Emphasis added. Current DHCR policy, based upon what you describe as either "regulation [or] due process considerations," provides affected parties with notice and an opportunity to be heard in a variety of non-adjudicatory proceedings. You explain that this policy is based upon provisions of DHCR's general enabling statutes, none of which specifically provide a party with an opportunity to be heard. In these instances, you inquire whether the amendment to SAPA requires indexing.
In our view, the amendment is clear on its face in requiring indexing as to determinations, decisions and orders in which "a statute [has provided] any party with an opportunity to be heard." A specific statutory authorization for party input initiates the indexing requirement. See,Lea v Lea, 182 Misc. 396 (1944) (where a statute is clear and unambiguous, the law must be construed and enforced as written); seealso, People ex rel. New York C. H.R. R. Co. v Woodbury, 208 N.Y. 421
(1913) (where the words of a statute are clear and without ambiguity, attempts at construction are superfluous).
An understanding of the context in which the amendment was designed is a further indication that the Legislature meant precisely what it said. All final determinations arising out of adjudicatory proceedings are covered by SAPA's indexing requirement — not only those in which notice or an opportunity to be heard is required by statute. See, SAPA § 307. Consequently, meaning should be given to the language of the 1995 amendment when it adds to the list of final determinations to be indexed only those non-adjudicatory determinations where a statute provides for party input.
We note that the Legislature previously has expanded SAPA's indexing requirements in a comparable manner. In 1985, the Legislature provided that, with respect to licensing proceedings, laws which expressly afford an opportunity for a hearing are deemed to be subject to indexing requirements. See, L 1985 ch 469, amendingSAPA § 401(1). This 1985 amendment was designed to be an incremental increase of the scope of proceedings required to be indexed. See, Bill Jacket, L 1985 ch 469.
Amended section 307(3)(a) is another such incremental increase. We, therefore, conclude that under section 307(3)(a), DHCR is only required to index those final determinations that arise out of a statute specifically providing affected parties with an opportunity to be heard.
Sincerely,
Dennis C. Vacco
Attorney General